279 So.2d 893 (1973)
Eleanor P. WILSON, Appellant,
v.
Lewis H. WILSON, Appellee.
No. 72-579.
District Court of Appeal of Florida, Fourth District.
June 22, 1973.
Rehearing Denied July 30, 1973.
*894 George Ritchie and Fred D. Leone of Law Office of George Ritchie, Cocoa, for appellant.
William H. Twyford of Twyford & Studstill, Titusville, and Irving Nathanson, Cocoa, for appellee.
WALDEN, Judge.
This is an appeal brought by the wife from certain provisions contained in the final judgment of dissolution of marriage. We reverse and remand with instructions.
As a backdrop, the parties are in their fifties and the twenty-three year marriage produced two children, now adults. The husband is a electrical engineer steadily employed at $360 per week. The wife has never worked during the marriage and the record is devoid of any showing that she possesses any present or prospective earning ability or marketable skill. She is currently disabled with a hormone imbalance and muscle and joint swellings. The wife asserted a need for $203.85 per week in order to maintain herself.
The parties have accumulated assets in excess of $100,000 during marriage and the trial court awarded over three-fourths of same to the husband. The wife was denied the use of the home and same was ordered sold and the proceeds divided equally.
As to alimony, the wife was awarded $85 per week for two years and $40 per week for the succeeding two years, only with the obligation to terminate if she died or remarried during the four year period.
And now to the specific appellate grievances.
Per the wife's Point III, the trial court erred procedurally in failing to take note and follow the partition procedures provided in Florida Statute, Chapter 64, Laws of 1971, which govern partition proceedings. Thus, as concerns the marital home, the trial court upon remand is instructed to adopt and follow such steps in partitioning this property.
The wife next contends that the trial court erred when it divided a jointly owned savings account, awarding approximately two-thirds to the husband and one-third to the wife. By operation of law, upon divorce, the parties to property held as an estate by the entireties become tenants in common. Notwithstanding, however, upon proper pleadings and proper and sufficient proof, one party's interest may be awarded in toto or in part to the other party as, inter alia, lump sum alimony or to the extent that the other party establishes a special equity therein. However, in the instant case no pleading or proof was adduced which would justify the unequal division of the joint savings account resulting in an error. Upon remand the account should be divided equally between the parties as suggested in the wife's Point IV.
The primary trial court error is in the award of alimony, a matter raised in Point I. Although the trial court is vested with a wide discretion in such matters, we are persuaded here that an abuse is reflected in failing to award the wife permanent periodic alimony. Massey v. Massey, Fla. App. 1967, 205 So.2d 1.
Under the circumstances here reflected where the wife performed household functions for twenty-three years, is ill, and sincerely has no earning ability or promise of same, we feel she should be awarded permanent periodic alimony commensurate with her needs and the husband's ability to pay. Sharpe v. Sharpe, *895 Fla.App. 1972, 267 So.2d 665 and Slimer v. Slimer, Fla.App. 1959, 112 So.2d 581. Nil prospects to the contrary notwithstanding, if she should somehow blossom into a financially productive member of society and other material change occur, the husband can obtain a trial court review of the award and relief. Section 61.14, F.S. 1971, F.S.A.
To highlight the inequity and inadequacy of the award, the wife clearly can not subsist adequately under her circumstances upon either the $85 or $40 weekly award. Since she has no income or income producing ability at the time of the adjudication she is stuck. She is at rock-bottom now insofar as earning capacities are concerned and, barring further medical disabilities, can obtain no relief by new petition under Section 61.14, F.S. 1971, F.S.A., if she fails to get employment or surcease simply because she will be unable to show a change in circumstances from the present time. We reverse the alimony award and remand with instructions to award the wife permanent periodic alimony based upon her current needs and the husband's ability.
Reversed and remanded for further proceedings consistent herewith.
REED, C.J., concurs.
CROSS, J., dissents with opinion.
CROSS, Judge (dissenting):
I respectfully dissent.
I would have reversed and remanded to the trial court to modify the final judgment to reserve jurisdiction so the wife could apply for further rehabilitative alimony, should the circumstances justify it.
In all other aspects, I concur in the majority's opinion.