297 So.2d 117 (1974)
Arlene SCHWARTZ, Appellant,
v.
Melvin R. SCHWARTZ, Appellee.
Nos. 74-192, 74-204.
District Court of Appeal of Florida, Third District.
June 18, 1974.
Rehearing Denied July 24, 1974.
Sibley, Giblin, Levenson & Ward, Miami Beach, for appellant.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for appellee.
Before CARROLL and HENDRY, JJ., and GOBBIE, EVELYN, Associate Judge.
PER CURIAM.
From a judgment in an action for dissolution of marriage Arlene Schwartz the plaintiff below, filed an appeal (No. 74-192) and an interlocutory appeal (No. 74-204), challenging the correctness of certain provisions of the judgment.
The appellant contends the allowances for alimony and child support were inadequate; that the court erred in awarding rehabilitative alimony rather than permanent alimony; and by denying her request that the husband's interest in the jointly owned residence property be awarded her *118 as lump sum alimony. Appellant further contends the court erred in limiting her right to live in the family residence with the children to June 15, 1974; and that the court erred in failing to award her a special equity in the stock owned by her husband in a business corporation.
Refusal of the court to grant to the wife as lump sum alimony the husband's interest in the jointly owned residence was not error, that being a matter within the discretion of the court. No reason in law has been shown to disturb the court's ruling adverse to the wife's claim of special equity in the husband's interest in the business corporation referred to below.
We find merit in the contentions of the appellant-wife as to the inadequacy of alimony and child support, in certain respects as discussed below, and as to her contention that the court erred in directing that the wife should not occupy the residence premises beyond June 15, 1974.
By the judgment the wife was awarded custody of the three children of the parties, boys whose ages ranged from 12 to 16 years. Child support of $300 per month was awarded, representing $100 per month for each child, and the husband was ordered to pay "reasonable and necessary medical and dental bills of the children."
The husband was directed to pay the wife "rehabilitative alimony for a period of five years" in the amount of $450 per month "until the term of rehabilitative alimony is completed."
With regard to the residence premises which had been owned by the parties as tenants by the entireties for eight years, the judge made provision for division of the furniture between the parties, as they should need for establishing separate residences thereafter. The court directed that the residence property should not be sold prior to June 15, 1974, and made provision for the wife to have possession thereof until that date, with a provision that until June 15, 1974, the mortgage payments on the residence premises should be paid by the husband. In the judgment the court retained "jurisdiction over the subject matter and parties."
The appellant contends the alimony and child support awarded is inadequate in that $750 per month is insufficient to enable her and the children to be maintained in the manner established by their mode and expense of living in the years prior to the dissolution of marriage action. She presented evidence that the amount supplied by the husband for maintenance of the family prior to the action was in excess of $2,200 per month. The husband's evidence placed that figure at $1,700 per month. During the extended pendency of the action (which commenced on November 18, 1971, and terminated by judgment entered January 30, 1974) the wife received $1,200 per month under an order for temporary alimony and child support. She testified that during such period, in addition to the temporary allowance, she was required to borrow money from her mother, in the aggregate amount of $8,000.
As to the husband's ability to pay, there was the evidence of the amount previously supplied by him in maintaining the family. See Klein v. Klein, Fla.App. 1960, 122 So.2d 205. The husband was shown to be the owner of 50% of the stock of a corporation engaged in the business of operating amusement machines, having more than 200 machines placed in locations in Dade County. The revenues therefrom were collected in cash out of the machines. On those regarded as the larger accounts the husband and his "partner" in the business made the cash collections personally. In 1969 a one-fourth stock interest in the business was sold by the husband and the other stockholder for $228,000 cash. In 1972, such one-fourth stock interest was repurchased by them at the same price. The husband's income as reported by him in the several years prior to the filing of the action ranged between $25,000 and $27,000. For 1971 and 1972, during pendency of the *119 action his reported income was $19,500. When asked why, in one such year, his bank deposits exceeded $27,000, he first answered that he did not know, and later answered that some money deposited by him belonged to the corporation, being cash collected by him from machines which, for convenience, was deposited to his account.
The amount of alimony and child support awarded was a matter in the sound judicial discretion of the court upon consideration of the needs of the wife for herself and the children and the financial ability of the husband. Upon challenging the award as inadequate, the wife had the burden to show an abuse of discretion therein. In our view she has not carried that burden, and we affirm the alimony and child support allowance in the amount fixed by the court, until such time as the residence property of the parties shall be sold and during which the wife and children are permitted to live therein. However, it seems obvious that after the residence property is sold and the wife is required to obtain other housing for herself and the children, the obligation of the husband in respect thereto could not be adequately complied with by paying to the wife the sum of $750 per month for support of her and the children. At such time, upon application of the wife, an adequate increase in alimony and child support should be made.
We find merit in the appellant's contention that her use of the residence premises in which to reside with the children should not have been terminated prior to sale of the property, and without an additional award for alimony and child support following sale of the property, when the wife would be required to seek housing elsewhere for herself and the children. Accordingly, the provision of the judgment for the wife to vacate the premises by June 15, 1974, is reversed and the judgment is amended to provide for the wife with the children to live in the residence premises until the same is sold, or until further order of the circuit court, and that during such time, and until the property is sold, the husband shall pay the mortgage payments, taxes, insurance and necessary maintenance expense of the property, being entitled to credit, upon sale of the property, for the portion thereof which otherwise were the obligation of the wife subsequent to the judgment, due to her equal interest in the property as a tenant in common.
There remains for consideration the contention of the appellant that the circumstances of the case were not such as to prompt or authorize the allowance of rehabilitative alimony, rather than permanent alimony. That contention of the appellant is meritorious.
When the parties were married in 1957, the appellant was 19 years of age, and she was 36 years old at the time of the judgment. Her schooling was not extensive. She is not equipped by training, experience or otherwise to support herself. Her only employment consisted of approximately two weeks as a receptionist in a doctor's office, sometime prior to her marriage. Therefore, there is nothing to which the wife can be rehabilitated. If, after some period of time, she should acquire or become possessed of the ability to support herself to an extent which should relieve the husband of his obligation in that respect in whole or in part, that would constitute a change of circumstances for which the husband might seek relief from continued payment of alimony.
On authority of the decision of this court in Reback v. Reback, Fla.App. 1974, 296 So.2d 541 and Schwarb v. Schwarb, Fla. App. 1972, 259 So.2d 745, we hold that the circumstances relating to the appellant-wife, as disclosed in the record, did not furnish proper basis for the alimony awarded to her to be "rehabilitative", and to terminate at the end of the stated period. That provision of the judgment is reversed and the alimony in the amount presently provided for, and in such amount as may *120 be determined to be appropriate following a sale of the residence after which the appellant no longer will occupy the residence premises, shall be permanent, that is, to continue until the death of the appellant-wife or until her remarriage, subject to modification thereof by the trial court for a change of circumstances, as provided for by proceedings brought under § 61.14 Fla. Stat., F.S.A.
The judgment as amended is affirmed in part, reversed in part, and the cause is remanded to the trial court for such further proceedings as may be appropriate, consistent herewith.