307 So.2d 241 (1975)
Rose R. LASH, Appellant,
v.
Carl Dean LASH, Appellee.
Nos. 74-732 and 74-1226.
District Court of Appeal of Florida, Second District.
February 5, 1975.
*242 William R. Lyle, Jr., Murrell, Lyle & Associates, Orlando, for appellant.
George N. Meros, Meros, Coit, Wells, Edman & Meros, P.A., St. Petersburg, for appellee.
GRIMES, Judge.
This is an appeal from a final judgment of dissolution.
The parties have been married twenty-six years. Their daughter is grown. At the time of the final hearing the wife was forty-four years old, and the husband was forty-seven. The only significant asset acquired by the parties during their marriage is a residence valued at $50,000-$60,000, title to which is held as tenants by the entirety. The home is mortgaged for about $15,000. The husband is employed as Executive Director of the United Way of Pinellas County, Inc. for which he is paid an annual salary of approximately $29,000. The wife is currently unemployed.
The evidence reflects that the wife had undergone surgery on her foot in 1973. The wife testified that her foot was still painful and that she was going to need additional surgery, though none was presently scheduled. The wife has a high school education but no other formal training. During eleven years of their marriage, she worked together with her husband as a matron in a children's home. Her only job in the past six years has been a temporary three month position as a television auction coordinator.
In the final judgment dated March 22, 1974, the wife was awarded rehabilitative alimony of $425 per month through December of the same year. The wife was granted the exclusive right to occupy the residence for a period of six months during which time she was directed to make every reasonable effort to sell it. Upon the sale of the residence, the net proceeds were to be divided equally between the husband and the wife. While the wife was living in the home, she was to be responsible for the mortgage payments.
On appeal, the wife argues that she should have been granted permanent alimony. While always reluctant to tread in those areas in which the trial judge is accorded a wide latitude of discretion, a careful study of this record compels us to agree with the wife.
There is apparently a feeling in some circles that the passage of the "no-fault" divorce law in 1971 had the effect of abolishing permanent alimony except where the wife (or the husband, as the case may be) is unable to get a job. We know of no controlling decision to this effect and do not believe it to be the law. The only changes made with respect to alimony were to authorize its payment to either spouse and to permit an award of rehabilitative alimony. The fact that the legislature authorized rehabilitative alimony did not do away with permanent alimony. The provision authorizing rehabilitative alimony simply permits the judge in a *243 proper circumstance to award support to a needy spouse for a limited period of time until she gets back on her feet and becomes self-sustaining. However, rehabilitative alimony presupposes the potential for self support. Reback v. Reback, Fla. App.3rd, 1974, 296 So.2d 541. Without this capacity, there is nothing to which one can be rehabilitated. Schwartz v. Schwartz, Fla.App.3rd, 1974, 297 So.2d 117.
In recent years with the advent of equal employment opportunities for women, many women have been able to acquire higher paying jobs. To that extent there has been less need for the payment of alimony by their former husbands. Yet, it is still the law that where the wife demonstrates the need and the husband has the ability to pay, he is obligated to support her at a standard reasonably commensurate with that established by him during their marriage. Royal v. Royal, Fla.App.3rd, 1972, 263 So.2d 277; Preston v. Preston, Fla.App.3rd, 1968, 216 So.2d 31.
Where the parties are still quite young and have only been married a short period of time, a judge is understandingly reluctant to saddle the husband with the obligation of making permanent alimony payments for the rest of his life. At this point the wife is hardly in any different position than she was before she was married. However, in those cases where the dissolution comes about after many years of marriage, there are different circumstances to be considered. In the first place, it often happens that the wife has given up her career upon marriage in order to manage the home and raise children. Furthermore, in a marriage where the wife has stayed home, the husband has had the opportunity of enhancing his working expertise during the entire period of his married life; whereas, the wife, if anything, may now be less equipped for work than she was when she became married. Moreover, the employment opportunities of a woman at age eighteen are brighter than those of a woman at age forty-four. Unfair as it may be, the prospects of high paying employment for a man of forty-four are still substantially better than for a woman of the same age. See Schultz v. Schultz, Fla.App.2d 1974, 290 So.2d 146.
In the instant case, we have a wife who worked during part of her married life. Most of this was done in joint employment with her husband. At her husband's request, she has done little outside work in recent years. The testimony concerning the wife's physical condition is equivocal and could not be construed to suggest that her health is such that she is physically unable to do any work. On the other hand, by reason of her educational background and work experience, it is not likely that she will be able to obtain a job paying more than one-quarter of what her husband now earns. In view of this, the husband should be required to assist in her support on a permanent basis, subject always to the right of obtaining relief under changed circumstances. Therefore, this case will be remanded with directions that the court hold a further hearing for the purpose of entering an award of permanent alimony in accordance with the principles set forth herein.
As an additional point on appeal, the wife contends the court could not order a partition of the home in this dissolution action where the pleadings of the parties did not request it. Arnold v. Arnold, Fla. App.3rd, 1974, 292 So.2d 384; Rankin v. Rankin, Fla.App.2d, 1972, 258 So.2d 489. It is not absolutely clear that the order pertaining to the residence constituted a judgment of partition; but in any event, we find that we do not have to decide this question. The attorneys for the parties at oral argument advised the court that the home had not been sold during the six month period specified by the court. Therefore, the question is moot, and unless and until a further order is made with respect to the residence, there is no need for us to pass upon this issue.
*244 Upon remand, when the court directs the payment of permanent alimony, it should be made effective as of the date upon which the rehabilitative alimony terminated. Those payments of alimony commencing in January of 1975 which the court ordered paid pending appeal may be offset against the permanent alimony payments.
Reversed and remanded.
McNULTY, C.J., and SCHEB, J., concur.