WALDEN, Judge.
Plaintiff husband filed for dissolution of marriage. Defendant wife appeals from the final judgment and property settlement which, in part, awarded her the amount of $25.00 per week for two years as rehabilitative alimony. We reverse this portion of the final judgment and hold the alimony award should be permanent.
The husband is 43, the wife 44, with some training in music. Both parties to the dissolution are Cuban Nationals, the wife having been here since April of 1964. There are two children of the marriage, aged 19 and 13. The parties’ adjusted gross income in 1973 was $32,400. The income was derived from a business owned by the husband and found by the trial court to be an excellent one. The trial court found the business income had steadily increased over the period 1970 to 1973, and that the husband possessed considerable inventory and equipment. The husband was made responsible for mortgage payments and other related expenses during the wife’s occupancy of the home and she was granted exclusive possession of the home until the minor child reached 18, or until she remarried. In essence, all of the husband’s duties, other than the rehabilitative alimony, which was to cease earlier, cease when the minor child reaches the age of 18.
The trial court based its rehabilitative award on the conclusion that the wife could expand her music teaching profession; the wife, however, has only a high school education. Her music skills are limited to those courses taken in high school in Cuba. In light of the circumstances, the needs of the wife and the patent ability of the husband, we hold, upon authority of Patterson v. Patterson (4th D.C.A.Fla.1975); Reback v. Reback, 296 So.2d 541 (3d D.C.A.Fla.1974) and Calligarich v. Calligarich, 256 So.2d 60 (4th D.C.A.Fla.1971), that the husband be required to pay permanent periodic alimony to the wife in the amount set by the trial court as rehabilitative. We note there are no restrictions upon the parties’ right to apply for a modification if circumstances should so warrant.
Reversed and remanded.
DOWNEY, J., and JOHNSON, WILLIAM CLAYTON, Associate Judge, concur.