324 So.2d 160 (1975)
Frances J. YOHEM, Appellant,
v.
Irvin L. YOHEM, Appellee.
No. 75-322.
District Court of Appeal of Florida, Fourth District.
December 19, 1975.
*161 Sidney M. Dubbin of Dubbin & Preefer, West Palm Beach, for appellant.
Carl M. Collier, Palm Beach, for appellee.
OWEN, Judge.
Upon appellant/wife's petition, final judgment dissolving the parties' twenty-five year marriage was entered. By way of this appeal, the wife questions the propriety of the trial court's adjudication of certain property rights and alimony provisions in the final judgment, and certain provisions of a postjudgment order on petition for rehearing. The husband cross-appeals from that part of the final judgment awarding the wife attorney's fees.
Of the five issues urged on appeal by the wife, we find merit in only those two which we shall discuss here: (1) the award of rehabilitative, rather than permanent, alimony in the amount of $50 per week for one year; and (2) the amount of interest awarded the husband upon monies from a joint savings account, withdrawn by the wife and placed in her sole name shortly before filing the instant action.
The facts of this case do not warrant an award of rehabilitative alimony. Appellant/wife is forty-seven years old and suffers from a chronic bladder condition. She is a high school graduate, but is possessed of no marketable skills nor employment experience. Although she did work for approximately three years prior to the marriage, thereafter she devoted herself primarily to being a housewife and to raising the parties' five children, a task in which she is still engaged, having been awarded custody, as a result of the divorce, of the parties' youngest child, a thirteen year old daughter.
The appellate courts of this state have been confronted with situations analogous to this one in cases now too numerous for citation. E.g., Patterson v. Patterson, 315 So.2d 104 (4th DCA Fla. 1975); Hernandez *162 v. Hernandez, 312 So.2d 466 (4th DCA Fla. 1975); Goldstein v. Goldstein, 310 So.2d 361 (3rd DCA Fla. 1975); Lash v. Lash, 307 So.2d 241 (2nd DCA Fla. 1975); Schwartz v. Schwartz, 297 So.2d 117 (3rd DCA Fla. 1974); Reback v. Reback, 296 So.2d 541 (3rd DCA Fla. 1974); Wilson v. Wilson, 279 So.2d 893 (4th DCA Fla. 1973). As has been consistently iterated in those cases, rehabilitative alimony presupposes, and is therefore only proper in those cases in which there is, the potential or actual capacity for self-support. Reback v. Reback, supra; Lash v. Lash, supra. Absent such capacity, there is nothing to which the spouse can be rehabilitated. Schwartz v. Schwartz, supra. The record before us shows such capacity to be utterly lacking here. We therefore reverse the award of rehabilitative alimony and remand the cause to the trial court with instructions to enter an award for permanent alimony in such amount as the court shall determine to be appropriate based upon the current needs of the wife and the husband's ability to pay. Wilson v. Wilson, supra. Such permanent alimony award shall remain subject, of course, to the right of either party, under the appropriate circumstances, to seek modification pursuant to Fla. Stat. § 61.14 (1973). Wilson v. Wilson, supra; Schwartz v. Schwartz, supra.
We further find that it was error to award the husband interest in the amount of $2,000 on his share of a jointly owned savings account which the wife had wrongfully withheld from him. While the decision to award interest was within the trial court's discretion, see, Welsh v. Welsh, 160 Fla. 380, 35 So.2d 6 (1948), it is manifest that the computation thereof was in error. That part of the order of February 24, 1975 awarding appellee $2,000 as interest is reversed, and upon remand the award shall be computed on the legal rate of interest for the period that the appellant withheld from appellee his share of the joint savings account.
Finding no merit in the wife's remaining contentions, nor in those presented in the husband's cross-appeal, we affirm the judgment in all other respects. The cause is remanded to the trial court for further proceedings consistent herewith.
Affirmed in part; reversed in part.
MAGER, J., and STRAWN, DAVID U., Associate Judge, concur.