344 So.2d 1322 (1977)
Carolyn S. MOSES, Appellant,
v.
Henry E. MOSES, Appellee.
No. 76-1638.
District Court of Appeal of Florida, Second District.
April 27, 1977.
*1323 Franklyn J. Wollett, and Crockett Farnell, of Nixon & Farnell, Clearwater, for appellant.
John T. Blakely, of Johnson, Blakely, Pope & Bokor, Clearwater, for appellee.
SCHEB, Judge.
In this dissolution of marriage proceeding appellant/wife contends the trial court's award of alimony was inadequate. As relates to the amount of rehabilitative alimony awarded, we agree; otherwise we affirm the trial court.
Essentially, the facts are these: The parties married in 1957 and have two children, ages eight and fifteen, who will be in the wife's custody. The husband is forty-one and the wife forty-two. The husband is an engineer with an annual salary of approximately $23,000. The wife has a high school education, plus a year of night school. She was a secretary for a few years after she married; however, she was not employed from 1961 until 1975. Recently she has been performing some part-time clerical and bookkeeping work for which she has received minimal sums.
The wife's stated objective is to obtain a nursing degree through a two-year course at a community college where she has already enrolled to update her educational background. She estimated the nursing program would require an outlay of $1320 in addition to her ordinary living expenses. If she successfully completes the nursing course, she anticipates that once employed she would command a salary between $8,000 and $10,000 per year.
The parties own their home jointly. It is valued at approximately $17,500 and is encumbered by a mortgage of $5,420, payable at $68 per month. The court awarded the wife exclusive possession of the home place until the younger child attains majority or until the wife remarries. In the meantime, the husband and wife are each required to pay one-half of the mortgage payments, insurance, and maintenance expenses. The court awarded child support of $150 per month per child, and required the husband to continue medical insurance for the children as long as it is available to him on a group basis from his employer. Beyond the home place, their assets were modest; however, the parties were relatively free from debts beyond the mortgage. Upon dissolution, they became tenants in common of their jointly owned securities worth approximately $7,500. Each was awarded one of their two automobiles.
The wife sought permanent and rehabilitative alimony; however, she was awarded only $100 per month rehabilitative alimony for thirty months. The husband was required to pay $84.50 court costs and to contribute $450 toward the wife's attorney's fees.
Appellant contends the award of rehabilitative alimony is inadequate. Moreover, she claims the trial court should have granted her not only periodic permanent alimony but also should have awarded her the marital home as lump-sum alimony. Finally, she says the court erred in not requiring the husband to maintain medical insurance for the children irrespective of its continued availability to him on a group basis through his employer.
It is well settled that the law vests broad discretion in a trial judge in determining amounts required for alimony and support. Absent a clear showing of abuse of discretion, the judgment of a trial court in these matters should be upheld regardless of the merits of the award when considered de novo. Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976).
We find no basis to disturb the award in this case insofar as relates to the court's denial of lump-sum and permanent periodic alimony. Likewise, the stipulation concerning medical insurance for the children *1324 when viewed in context of the total support awarded does not indicate an abuse of discretion.
Appellant places great reliance on Lash v. Lash, 307 So.2d 241 (Fla.2d DCA 1975), where this court remanded for an award of permanent alimony. In Lash there was a slightly older wife married for twenty-six years, with some evidence that her health was impaired. There was little evidence of her potential for self-support. While arguably this case may be said to be different only in degree, that degree of difference is significant.
From the testimony, it appears the wife has a potential for self-support. Commendably, she has the initiative to create a secure economic future for herself. The trial judge, we presume, concluded that her goal of becoming a nurse was an attainable one, and that she required rehabilitative alimony for thirty months to assist her in realizing that goal. We cannot say that he abused his discretion in determining the wife's potential could be realized through rehabilitative alimony and that permanent alimony was not required. The wife testified she needs $200-300 per month, in addition to the child support she will be receiving.
The trial judge correctly perceived the wife's need to rehabilitate herself. Once having determined rehabilitative alimony was appropriate, it was incumbent upon the court to award the sum required to assist her. This benefits not only the wife but also the husband; for should it develop the wife's rehabilitation is not realized, through no fault of her own, the court may consider awarding additional rehabilitative or even permanent alimony as may be appropriate. Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975); Markgraf v. Markgraf, 320 So.2d 27 (Fla.2d DCA 1975). Considering the wife's background and recognizing that she has been out of the work force for many years, it would be unfair to expect her to support herself while she is being trained for a new career. Certainly $100 per month will not suffice for her expenses while she is a full-time student and while still raising two children.
Accordingly, we reverse that part of the final judgment awarding the wife $100 per month rehabilitative alimony. We remand to the trial court with directions that the thirty-month award be increased to such an amount, not less than $200 per month, as the trial judge determines to be reasonable. In all other respects the final judgment is affirmed.
GRIMES, Acting C.J., and OTT, J., concur.