361 So.2d 212 (1978)
Barbara L. DOUGLAS, Appellant,
v.
John H. DOUGLAS, Appellee.
No. 77-1691.
District Court of Appeal of Florida, Second District.
August 2, 1978.
Rehearing Denied August 23, 1978.
*213 George N. Meros and John M. Edman, of Meros, Coit, Edman & Meros, St. Petersburg, for appellant.
Wayne O. Smith, of Wallace & Smith, St. Petersburg, for appellee.
SCHEB, Acting Chief Judge.
Appellant wife challenges the financial provisions of the final judgment of dissolution of marriage. We focus primarily upon her contention that the trial court erred in failing to award her periodic permanent alimony.
In Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975), we held that when a long-term marriage is dissolved, a wife, if she demonstrates a need, is eligible to receive permanent (and not merely rehabilitative) alimony from a husband who has the demonstrated ability to pay. Here, as in Lash, we hold the trial court's failure to award permanent alimony was an abuse of discretion.
The Douglases were married in 1951. At the time of the final hearing husband was 46; wife 44. Wife testified that she has a degenerative disc in her back that causes some health problems; husband apparently enjoys good health.
The parties have four children, two of whom are grown. The two minor children, a 15-year-old daughter and a 12-year-old son, have some degree of learning disabilities which require professional attention. The daughter attends public school, but receives psychological counseling on the side. The son attends a special school which apparently caters to children with special educational needs.
During the marriage the parties maintained a high standard of living. They belonged to two country clubs, entertained often and traveled extensively.
Husband, a college graduate, is an officer and director of an automobile dealership in St. Petersburg, and receives a base salary of $28,800 per year. He receives substantial fringe benefits which include hospitalization *214 insurance, use of a car, pension benefits, etc. In addition, he owns 18% of the dealership, a source from which he receives substantial profits. In 1976 he reported a total income of $104,000. However, husband's testimony and that of the other stockholder in the dealership indicated the profits from the business declined during the first half of 1977, and could not be expected to produce such profits in the future.
During the litigation husband submitted a financial affidavit showing a net worth of $150,000; however, several months before he had submitted a financial statement to a bank reflecting a net worth of approximately $450,000. While husband's actual net worth is somewhat unclear, his assets coupled with his income demonstrate a sufficient ability on his part to pay permanent alimony.
The wife, in contrast, has been a homemaker since the first child was born a few years after the marriage. She attended college for one year, and currently holds a license to sell real estate. She has apparently done some modeling in the past, but has never realized any substantial income from her various avocations.
At the time of the final hearing husband and wife jointly owned the marital home and a condominium. The home had an appraised value of $45,000, but was encumbered by a mortgage of some $11,000. The condominium had been appraised at $52,000, but was subject to a $39,000 mortgage. They also jointly owned a one-third interest in twenty acres of unimproved real estate in Lee County, the value of which is not determinable from the record. Wife's only other assets were her car (which was heavily encumbered), a small amount of stock, and her interest in the furniture of the home and condominium.
In the final judgment of dissolution the wife was awarded the husband's interest in the marital home and a pick-up truck as lump-sum alimony. Husband was ordered to pay $550 per month for three years to wife as rehabilitative alimony. As mentioned previously, no periodic permanent alimony was awarded.
The judgment granted the wife custody of the two minor children, and ordered husband to pay $200 per month child support for each child. Husband was also ordered to pay the children's medical and dental expenses, as well as the cost of their special schooling and counseling. Finally, husband was required to maintain insurance on his life with the two minor children as beneficiaries until they attain their majority.
Wife is dissatisfied with the financial provisions of the judgment. She contends the child support and lump-sum alimony awards were both inadequate, and that the trial court should have granted her periodic permanent alimony. Wife's contentions all fall within an area where the trial judge has a great deal of discretion, and we think that except for its failure to award periodic permanent alimony the trial court's rulings were within the bounds of permissible discretion. These awards must, therefore, be affirmed. Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976). However, we agree with wife that the trial court should have awarded her permanent alimony.
The facts of Lash v. Lash, supra, are quite similar to those of this case. There the parties had been married for 26 years, and their only child was grown. Their only substantial asset was their home, in which they had an equity of between $35,000 and $40,000. The wife was 44 years old, and had little training past high school. She had some physical complaints, and had never earned a substantial amount during the marriage. The husband was an executive earning $29,000 per year. Under these circumstances we held that the trial court erred in not awarding the wife permanent alimony. We recognized that marital partners are to be treated on an equal basis; however, we noted that in a long-term marriage the trial court should consider the extent to which the wife has sacrificed her opportunity to pursue a career in order to care for the home and family, thereby aiding the husband in advancement of his career. We further recognized that the career *215 opportunities for a woman in her forties who has been a homemaker all her married life are not nearly as promising as those of a man of comparable age who has been involved in a business career. Under similar factual situations other district courts of appeal have utilized similar reasoning. See, e.g., Hawkesworth v. Hawkesworth, 345 So.2d 359 (Fla. 3d DCA 1977); Palmer v. Palmer, 338 So.2d 86 (Fla. 1st DCA 1976); Yohem v. Yohem, 324 So.2d 160 (Fla. 4th DCA 1975).
Only recently we reiterated the holding of Lash in Messer v. Messer, 342 So.2d 1076 (Fla. 2d DCA 1977), where the parties had been married for 31 years. There the husband was a successful physician with a substantial income and a sizable net worth. The wife had been a homemaker for most of the marriage, though she had been trained as a nurse. While emphasizing the wife's need for permanent alimony we noted, "[E]ven if she rehabilitates herself as a nurse her standard of living obviously, on this record, cannot rise to that of a successful physician's wife." 342 So.2d at 1077.
In the instant case the wife's financial outlook somewhat parallels that of the wife in Lash. Additionally, the wife in the instant case bears the primary responsibility of caring for two teenage children. Even if the wife were to successfully re-enter the job market, she could not hope to support herself in anywhere near the manner she has become accustomed to during the marriage. Of course, if husband's ability to pay were to be reduced or if wife were to become able to adequately support herself, husband would be entitled to petition the trial court for modification. Section 61.14, Florida Statutes (1975); Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973).
The trial court's award of rehabilitative alimony is reversed, and this cause is remanded with directions that the court enter an adequate award of periodic permanent alimony in accordance with the principles set forth herein. In all other respects, the judgment is affirmed.
RYDER and DANAHY, JJ., concur.