PER CURIAM.
The appellant Catherine Ciraco appeals a final judgment of marriage dissolution entered in the Circuit Court for the Eleventh Judicial Circuit of Florida. She contends inter alia that it was reversible error for the trial court to award her two years of rehabilitative alimony in the amount of $75 a week, rather than permanent periodic alimony. We agree and reverse.
The undisputed evidence in the record establishes that the appellant has a 10th grade education, that she has no prior employment experience save as a factory worker in Detroit approximately 20 years ago, that she has little or no employment training or skills, that she has chronic back problems which prevent her from sitting for any length of time, that she was married for 24 years and is now 42 years old and that the appellee husband Domenick Ciraco earns in excess of $23,000 a year at reasonably secure employment having just recently gone through a bankruptcy proceeding which wiped out most of his debts. Based on such evidence, it is clear that it was an abuse of discretion to make an award of rehabilitative alimony to the appellant, as opposed to permanent periodic alimony. Hawkesworth v. Hawkesworth, 345 So.2d 359 (Fla.3d DCA 1977); McAllister v. McAllister, 345 So.2d 352 (Fla.4th DCA 1977); Patterson v. Patterson, 315 So.2d 104 (Fla.4th DCA 1975); Hernandez v. Hernandez, 312 So.2d 466 (Fla.4th DCA 1975); Lash v. Lash, 307 So.2d 241 (Fla.2d DCA 1975); Schwartz v. Schwartz, 297 So.2d 117 (Fla.3d DCA 1974); Reback v. Reback, 296 So.2d 541 (Fla.3d DCA 1974); Wilson v. Wilson, 279 So.2d 893 (Fla.4th DCA 1973).
We have carefully considered the other contentions made by the appellant on this appeal and find them insufficient to reverse any other portion of the final judgment. Accordingly, we reverse the final judgment only insofar as it awards the appellant two years of rehabilitative alimony and remand the cause to the trial court with directions to make the award of alimony permanent, rather than rehabilitative. In all other respects the final judgment is affirmed.
Affirmed in part; reversed in part.