BOOTH, Judge.
This cause is before us on appeal from the judgment of the Circuit Court, Alachua County, dissolving the marriage of the parties. The sole issue presented is the adequacy of the award of alimony to the wife.
The lump sum award of alimony in this case to a wife of 29 years and mother of three children, is a $75,000.00 interest in a $314,400.00 note and mortgage partially owned by the husband. However, this award, payable for the next 17 years with a semi-annual payment of $2,250.00, is out of harmony with the efficacy of the cause.
The husband has assets of $219,000.00 to $325,000.00 and lists himself as self-employed in the cattle-raising business with no income other than the more than $14,000.00 per year he receives from leases and mortgages on properties he owns.
The husband’s affidavit lists $41,898.90 in liabilities, with $25,265.00 owed to lending institutions and $15,433.90 owed to his Daddy. The balance of liabilities is $1,200.00 in assorted bills. The husband’s testimony at trial, however, was that the amount owed on obligations other than those to his own family had been reduced by approximately $15,000.00 below the amount shown on the financial affidavit. Other obligations of appellee to his family were conveniently satisfied by a transfer of the marital domicile and other properties totaling more than 100 acres to his Daddy less than three weeks prior to the final hearing on dissolution. The trial court awarded the wife no interest in these transferred properties.
The wife has $5,250.00 financial worth and has taken a job earning take-home pay of $86.44 per week as a waitress. She was married at age 16, has no high school diploma and limited work experience outside the home. The wife received no interest in the family residence and was only awarded lump sum alimony payable as indicated above. If she survives to age 62, she will receive the principal interest in the note and mortgage awarded. However, in the 17-year interim, the amount paid to her, approximately $385.00 per month, is insufficient in view of the past and present circumstances of the parties and of the needs of the wife.
In Douglas v. Douglas, 361 So.2d 212, 214 (Fla. 2nd DCA 1978), the court held:
We recognized that marital partners are to be treated on an equal basis; however, we noted that in a long-term marriage the trial court should consider the extent to which the wife has sacrificed her opportunity to pursue a career in order to care for the home and family, thereby aiding the husband in advancement of his career. We further recognized that the career opportunities for a woman in her forties who has been a homemaker all her married life are not nearly as promising as those of a man of comparable age who has been involved in a business career. Under similar factual situations other district courts of appeal have utilized similar reasoning. [Cases cited].
Accordingly, the award of alimony is REVERSED and the cause REMANDED for entry of a judgment which makes more realistic provisions for the needs of the wife. The appellant’s motion for appellate attorney fees is provisionally granted. Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
MELVIN, J., concurs.
SMITH, Acting C. J., dissents.