McCORD, Chief Judge,
dissenting.
Appellant, Nora Jean Ferdon, appeals a final judgment dissolving her marriage *924 with Charles P. Ferdon. The only questions on appeal pertain to the awards of alimony and child support. Appellant contends that the trial court erred in awarding rehabilitative alimony rather than permanent alimony and that the amount awarded — $850 per month — is insufficient. She further contends as to child support that the $150 per month awarded for the support of the parties’ seven-year-old minor son is an insufficient amount.
The parties were married in June, 1952, after which the husband continued his dentistry education and both parties worked. The wife taught school for less than one year following the marriage when she had her first of three children. She has not subsequently worked but, following the mutual desire of both parties, she has been a homemaker caring for and raising the children.
The husband continued his education for the next five years and then served in the military. In 1959, he began the private practice of dentistry which he has continued to the present time. Two of the three ■children of the marriage have now reached their majority. The youngest is a seven-year-old son who has an asthma condition and resides with the wife — custody having been granted to the wife by the final judgment. The husband’s dentistry practice has flourished, and he also served as a member of the Okaloosa County School Board from 1959 to 1974. The wife is a college graduate who has, since the first year of the marriage, been totally engaged in the occupation of homemaker, wife, and mother. The husband testified that he considered it important that she stay at home and rear the children and that he never saw any need for her to work. The evidence shows that she has been a good housekeeper and mother; that she has been active in community affairs and has assisted her husband in his political endeavors. At the time of the final judgment, the wife was 45 years of age and the husband 46.
The parties have had a relatively high standard of living since the husband began his dental practice. Their home is located in a good neighborhood, and the husband has furnished his wife and son with memberships in the Lake Lorraine Country Club and the Racquet Club. The trial court divided the property accumulated by the parties during the marriage in what appears to me to be a fair division.
As previously stated, the only questions raised on this appeal relate to the type and amount of alimony awarded and the award for child support. The husband’s taxable income was $40,571 in 1973, $47,807 in 1974, and $45,863 in 1975. He estimated that his 1976 income would approximate or exceed his 1975 net taxable income. He has reduced his work days to four per week and testified that his practice would allow him to work five and even seven days per week but that he feels a four-day week permits him to reach his “peak efficiency” because he devotes considerable time to his physical conditioning. He testified that he has had a heart attack, though his wife testified that she had no knowledge of it and no medical testimony was presented.
The $850 per month rehabilitative alimony awarded by the trial court for a period of five years is less than the amount provided for the support of the wife and the maintenance of the home during the marriage. Weighing all of the factors which were before the trial court, however, I cannot say that the amount of such award was an abuse of discretion. As to rehabilitative alimony as opposed to permanent alimony, however, I am of the view that the failure to award permanent alimony was an abuse of discretion. Recognizing as wé did in Ruhnau v. Ruhnau, 299 So.2d 61 (Fla. 1 DCA 1974), that “permanent” is not necessarily synonymous with “forever,” I consider this clearly to be a case in which permanent, rather than rehabilitative, alimony should have been awarded. Compare Walton v. Walton, 354 So.2d 464 (Fla. 1 DCA 1978). Judge Stephen H. Grimes of our sister court of the Second District Court of Appeal, in his opinion in Lash v. Lash, 307 So.2d 241 (Fla. 2 DCA 1975), made what I consider to be a very sound analysis of the troublesome question of when an award of *925 permanent alimony, rather than rehabilitative alimony, should be made. There, the court said:
“There is apparently a feeling in some circles that the passage of the ‘no-fault’ divorce law in 1971 had the effect of abolishing permanent alimony except where the wife (or the husband, as the case may be) is unable to get a job. We know of no controlling decision to this effect and do not believe it to be the law. The only changes made with respect to alimony were to authorize its payment to either spouse and to permit an award of rehabilitative alimony. The fact that the legislature authorized rehabilitative alimony did not do away with permanent alimony. The provision authorizing rehabilitative alimony simply permits the judge in a proper circumstance to award support to a needy spouse for a limited period of time until she gets back on her feet and becomes self-sustaining. However, rehabilitative alimony presupposes the potential for self support. Reback v. Reback, Fla.App.3rd, 1974, 296 So.2d 541. With this capacity, there is nothing to which one can be rehabilitated. Schwartz v. Schwartz, Fla.App.3rd, 1974, 297 So.2d 117.
In recent years with the advent of equal employment opportunities for women, many women have been able to acquire higher paying jobs. To that extent there has been less need for the payment of alimony by their former husbands. Yet, it is still the law that where the the wife demonstrates the need and the husband has the ability to pay, he is obligated to support her at a standard reasonably commensurate with that established by him during their marriage. Royal v. Royal, Fla.App.3rd, 1972, 263 So.2d 277; Preston v. Preston, Fla.App.3rd, 1968, 216 So.2d 31.
Where the parties are still quite young and have only been married a short period of time, a judge is understanding^ reluctant to saddle the husband with the obligation of making permanent alimony payments for the rest of his life. At this point the wife is hardly in any different position than she was before she was married. However, in those cases where the dissolution comes about after many years of marriage, there are different circumstances to be considered. In the first place, it often happens that the wife has given up her career upon marriage in order to manage the home and raise children. Furthermore, in a marriage where the wife has stayed home, the husband has had the opportunity of enhancing his working expertise during the entire period of his married life; whereas, the wife, if anything, may now be less equipped for work than she was when she became married. Moreover, the employment opportunities for a woman at age eighteen are brighter than those of a woman at age forty-four. Unfair as it may be, the prospects of high paying employment for a man of forty-four are still substantially better than for a woman of the same age. See Schultz v. Schultz, Fla.App.2d, 1974, 290 So.2d 146.”
The wife in the case sub judice has been a loyal and faithful mother and wife for the past 25 years during which time her husband has progressed in his profession to the point where he has a net taxable income in excess of $45,000 per year working only a four-day week. The wife, on the other hand, has given up 25 years to this marriage when she could have been progressing as a teacher to a point where she could earn a substantially better income than she will now be able to earn if she can find a job. judicial notice can be taken that had she worked as a teacher during these years, she could now look forward to future retirement security. Under these circumstances, she should not be cast aside at the end of five years to begin at her then age of 50 to make her own way, unassisted financially to any degree by her former husband of 25 years. She deserves more.
As to the amount awarded by the trial court for support of the minor child, I recognize the difficulties that a trial judge has in equitably determining the proper amount to be awarded in these domestic relations cases, and great weight should be accorded *926 to his findings and to the discretion given to him as the trier of fact. While the award for child support is probably less than I would have awarded, I would not substitute my judgment for his. Perhaps upon termination of the rehabilitative alimony in five years, the changed circumstances created thereby will justify an upward adjustment.
I would reverse and remand as to the alimony award with directions to amend the final judgment to make the alimony award permanent.
I agree with the majority opinion as to its grant of appellant’s motion for allowance of attorney’s fee for this appeal.