BOOTH, Judge.
This cause is before us on appeal from the final judgment of the trial court denying alimony to appellant/wife.
The proceedings were initiated by appel-lee/husband’s petition for dissolution of marriage. The wife filed an answer and petitioned for temporary and permanent alimony. In the final judgment of October 6, 1976, the trial court awarded the wife, as temporary alimony, the temporary exclusive use of the parties’ marital home and reserved jurisdiction to later determine “all other relief sought by the pleadings of the parties.” The prayer for alimony was ultimately denied by the trial court’s order entered October 11, 1978.
The parties had been married 20 years. The wife, forty-one years old, unemployed, with an eleventh grade education, had worked outside the home for only three months during the parties’ marriage. She had raised the two children of the parties, done the housework and helped care for the livestock. The wife, has rheumatoid arthritis and back and neck injuries sustained in two automobile accidents, and no immediate *1106 prospects for employment. The husband, forty-two years old, is employed with Florida Power and Light earning a net income in excess of $365 bi-weekly at the time of the hearing. He also owned an electrical business from which he had earned $900 in 1977.
The criteria to be considered in determining the nature and amount of alimony are: (1) the ability to pay on the part of one spouse and (2) the needs of the other spouse, taking into consideration the standard of living shared by the parties to the marriage. Sisson v. Sisson, 336 So.2d 1129 (Fla.1976); McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977); Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973). Proper consideration of these criteria in this case requires some provision be made for the wife pursuant to her claim for alimony.
Accordingly, the order of October 11, 1978, insofar as it denies the prayer for alimony, is REVERSED.
ERVIN, Acting C. J., and SHIVERS, J., concur.