395 So.2d 573 (1981)
Janet C. STIFF, Appellant,
v.
Robert M. STIFF, Appellee.
No. 80-713.
District Court of Appeal of Florida, Second District.
February 25, 1981.
Rehearing Denied March 25, 1981.
John M. Edman of Meros, Coit, Edman, Meros, Smith & Meros, P.A., St. Petersburg, for appellant.
William J. McLeod, Jr., of Baynard, McLeod & Lang, St. Petersburg, for appellee.
HOBSON, Acting Chief Judge.
Appellant wife appeals that portion of the final judgment of dissolution of marriage which awarded her rehabilitative alimony for four years.
The parties were married for 26 years and are parents of two adult children. During most of the marriage, the husband pursued his career and the wife stayed at home raising the two children. At the time of the dissolution, the husband was 48 years old and in good health. The wife was 47 years old and has chronic cystic mastitis, which condition does not limit her activities but calls for weekly visits to the doctor for removal of sutures rejected by her body after surgery in 1979.
*574 Testimony at the final hearing revealed that the husband is a newspaper editor who earned $77,000 in 1977, $82,700 in 1978, and $87,200 in 1979. The parties testified that they lived in a nice area of St. Petersburg in a comfortable home and had traveled extensively in conjunction with the husband's business and during vacation time. The husband testified that the parties enjoyed an upper medium standard of living, and the wife described the standard of living as high but not extravagant.
During the last four or five years of the marriage, the wife pursued a college degree at the husband's expense and graduated cum laude from the University of South Florida with a degree in the combined major of sociology and political science.
Two weeks before the hearing in this cause, the wife went to the Florida State Employment Agency and was told that she was fit to do only clerical work. She was sent out to secure a bank teller's job paying $6,900 per year after being told that her recent college degree meant nothing.
The husband's expert witness, a labor market analyst, testified that the wife would qualify for a federal or state job which might take a period of six months for testing and job selection. He stated that a state job for a professional person would start at approximately $10,200 per year and that a federal job would start at approximately $8,500 per year. The market analyst testified that if the wife had gone to work 25 years ago and was good in her career, she would be making approximately $17,000 per year at the present time.
The trial court entered its order finding that the wife needed, and with diligent effort could have, an income equal to or exceeding $24,499.88 per annum. This figure included income derived from the parties' property settlement agreement as well as earned income. The court further found that the husband had the ability to pay that amount of support.
In its final judgment, the court distinguished the facts of the instant case from those in Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975). We find that case strikingly similar to the case at bar. In Lash, the parties were married for 26 years and were parents of an adult child. The wife was 44 years old and had worked periodically during the marriage, but was not employed at the time of dissolution. She had undergone surgery on her foot which as still painful and which would require additional surgery. The husband was earning an annual salary of approximately $29,000. In reversing the award of rehabilitative alimony and instituting permanent alimony, we stated:
[I]n a marriage where the wife has stayed home, the husband has had the opportunity of enhancing his working expertise during the entire period of his married life; whereas, the wife, if anything, may now be less equipped for work than she was when she became married. Moreover, the employment opportunities of a woman at the age of eighteen are brighter than those of a woman at the age of forty-four.
307 So.2d at 243.
In the instant case the wife was 47 years old at the dissolution of the 26-year marriage. She had remained at home during the marriage and raised two children. She suffers from chronic cystic mastitis and had surgery in 1979 to remove cystic tissues from her breast. At the time of the final hearing she had not been released from the doctor's care and had to see him once a week. These health difficulties would create problems with any prospective employer and would likely limit her ability to be placed. Even with a college degree, her lack of experience would hinder her ability to maintain herself at the standard of living set during her marriage.
The trial court noted in the final judgment that if the wife were unable to earn sufficient income to maintain her standard of living, the court would be open for her to show that she required additional alimony from the husband. Nevertheless, we hold that under the circumstances of this case the wife should have been awarded permanent periodic alimony. This would place the burden on the husband of showing *575 substantial change in circumstances in order to justify a subsequent modification if the wife were able adequately to support herself. Permanent periodic alimony is subject to modification and may be converted to rehabilitative alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
In view of the trial court's holding that the husband has the ability to pay the amount of support awarded, we reverse that portion of the final judgment which awarded rehabilitative alimony of $471.15 per week to the wife and hereby institute this amount as permanent periodic alimony.
BOARDMAN and CAMPBELL, JJ., concur.