SHARP, Judge.
The wife appeals from a final judgment of dissolution which awarded her custody of three minor children (ages nine (9), eleven (11), and thirteen (13)), child support of $100.00 per child per month, and rehabilitative alimony of $60.00 per month for a period of nine months. She contends the trial court erred in denying her request for lump sum alimony and/or permanent periodic alimony. We agree that under the circumstances established by this record, the trial court abused its discretion in failing to award the wife permanent periodic alimony.[1]
The Burkes had been married thirteen (13) years at the time of the dissolution. The wife failed to complete her high school education due to the birth of the parties’ first child. In addition to providing the primary care of the three children and the household, the wife obtained a high school equivalency diploma, worked as a teacher’s aide at $90.00 per week, and became certified as a medical technician. She was employed in this profession until she severely injured her arm. Because of that injury, she could not work in this field. At the time of the dissolution, the wife was not employed, and her prospects for being able to support herself (particularly since she would also have the primary custody of the children for a substantial span of time) was not established. The husband was in good health and employed, earning $20,000.00 per year.
Rehabilitative alimony should be awarded only where the record shows the spouse has actual potential or actual capacity for self-support.[2] Its award should be premised on evidence that the receiving spouse has the capacity to develop or acquire, in a short or measurable period of time, the ability to become self-supporting.[3] Here, there is no basis to conclude th'e wife *922 will be self-supporting within nine (9) months.[4]
We reverse and remand this case to the trial court with directions to enter an award of permanent alimony based on the wife’s current needs and the husband’s ability to pay. The trial court may also revisit the child support provision since it was linked to the alimony award.
REVERSED AND REMANDED.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.

. G’Sell v. G’Sell, 390 So.2d 1196 (Fla. 5th DCA 1980).

. Reback v. Reback, 296 So.2d 541 (Fla.3d DCA 1974), cert. denied, 312 So.2d 737 (Fla.1975).

. Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975).

. Schwartz v. Schwartz, 297 So.2d 117 (Fla.3d DC A 1974); See Yoehm v. Yoehm, 324 So.2d 160 (Fla.4th DCA 1975).