429 So.2d 782 (1983)
Linna Fong WING, Appellant,
v.
Shelby Joe WING, Appellee.
No. 82-713.
District Court of Appeal of Florida, Third District.
April 12, 1983.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and David M. Rogero, Miami, for appellant.
Ann Mason Parker, Miami, for appellee.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
We approve the trial court's equitable distribution of the parties' assets upon the dissolution of their 20-year marriage. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We also approve the child support award. However, we disapprove the denial of permanent alimony for Mrs. Wing. The length of the marriage, the needs of the wife, and the comparative opportunities for career advancement entitle Mrs. Wing to an award of permanent alimony. See Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980); Douglas v. Douglas, 361 So.2d 212 (Fla. 2d DCA 1978).
*783 Recognizing that Mr. Wing's temporarily reduced income renders an additional award impractical at the present time, we remand for the entry of a nominal award of permanent alimony which would permit Mrs. Wing to apply for modification, when appropriate.
For these reasons, we remand the cause to the trial court for modification of the final judgment in accord with this opinion, and, upon modification, we affirm the final judgment of dissolution.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would affirm the final judgment in all respects as being amply supported by substantial, competent evidence. In particular, I see no abuse of discretion in denying the wife herein permanent, periodic alimony when the record plainly establishes, without dispute, that the husband is financially unable to respond to such an award. Nor am I able to say, as does the court, that the trial court acted arbitrarily in failing to make a nominal and obviously inadequate alimony award for the wife in hopes that the defendant's admittedly bleak financial picture might improve in the future. So far as I am aware, the law does not engage in such speculation in measuring the proper exercise of the trial court's admittedly broad discretion in cases of this nature. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); McDonald v. McDonald, 368 So.2d 1283 (Fla. 1979); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Pfohl v. Pfohl, 345 So.2d 371, 377 (Fla. 3d DCA 1977).
I would affirm.