553 So.2d 299 (1989)
Daniel C. BROGDON and Daisy C. Brogdon, Appellants,
v.
GUARDIANSHIP OF Clyde Finch BROGDON, Appellee.
No. 89-80.
District Court of Appeal of Florida, First District.
November 30, 1989.
*300 Cecil G. Costin, Jr. of Costin & Costin, Port St. Joe, for appellants.
Terrence T. Dariotis of Kahn & Dariotis, Jackson G. Beatty, Tallahassee; and Larry A. Bodiford of Hutto, Nabors & Bodiford, Panama City, for appellee.
WENTWORTH, Judge.
Appellants seek review of an order determining that they lack standing to petition in a guardianship proceeding for an amended inventory of assets, and for the payment of alimony from such assets. We find that appellant Daniel Brogdon's potential inheritance is a sufficient predicate for standing to request an amended inventory of assets. We also find that appellant Daisy Brogdon's entitlement to the payment of alimony by the guardianship ward is a sufficient predicate to petition for an amended inventory and for payment of alimony from the ward's assets. We therefore reverse the order appealed.
When the ward was declared incompetent his spouse was appointed guardian of his person and property. The guardian thereafter filed inventories listing the guardianship assets. Appellant Daniel Brogdon, the ward's son, contested certain transactions and petitioned the court to require an amended inventory. Daisy Brogdon, the ward's former spouse, also petitioned for an amended inventory and asserted that she is entitled to the payment of alimony from the ward pursuant to a prior decree. Daisy Brogdon subsequently petitioned for an order directing the guardian to pay such alimony, indicating that payments had been discontinued after the ward was declared incompetent.
At a hearing on the issue of standing the guardian's attorney suggested that Daniel Brogdon's potential inheritance is merely speculative, and that the ward's incompetence is a change in circumstances which should require Daisy Brogdon to obtain a further decree from the domestic relations court to preserve her entitlement to alimony. The court below determined that Daniel Brogdon and Daisy Brogdon do not have standing "as interested persons in this proceeding at this time," and the court therefore declined to address the merits of their petitions.
Despite the court's reference to standing "at this time," the challenged order fully resolves the present dispute between the parties and is thus a final order for the purpose of appellate review. See generally, Citibank, N.A. v. Blackhawk Heating & Plumbing Co., Inc., 398 So.2d 984 (Fla. 4th DCA 1981). And although section 744.427, Florida Statutes, provides for objections by interested persons as to the guardian's annual return, while section 744.377(4), Florida Statutes, addresses the guardian's initial inventory without reference to any objection, section 744.434, Florida Statutes, empowers the court to require *301 the guardian to show possession or control of the ward's assets either upon the court's own motion or upon the petition of an interested person. The present case involves a procedure analogous to the request for a showing of possession or control under section 744.434, and the court was thus empowered to consider the merits of the petitions insofar as they were made by sufficiently "interested" persons to establish standing.
The court determined that Daniel Brogdon lacked standing because his potential inheritance was merely speculative. It has been indicated that a family interest alone is an insufficient predicate for standing to contest a probate or guardianship action. See Maceda v. Duhig, 474 So.2d 292 (Fla. 3d DCA 1985). But in addition to a family interest Daniel Brogdon has also asserted a potential inheritance under the ward's will. While this potential inheritance remains subject to divestment or challenge, in the context presented it does render Daniel Brogdon an "interested person" within the scope of the guardianship proceeding. A contingent beneficiary under a testamentary trust has been determined to have a sufficient interest for standing to object to a final probate accounting. See Richardson v. Richardson, 524 So.2d 1126 (Fla. 5th DCA 1988). Daniel Brogdon's testamentary interest, in conjunction with his family interest and the potential for intestate inheritance in the event of a successful will challenge, create a sufficient interest for standing in the guardianship proceeding and the court should have addressed the merits of Daniel Brogdon's petition.
As to appellant Daisy Brogdon, it was shown that an existing domestic relations order establishes her entitlement to alimony from the ward. Even if the ward's incompetence may effect such a change in circumstances as to warrant modification of his alimony obligation, no such modification has been sought or obtained. The alimony award remains presumptively valid, and the burden of modification is upon the party asserting a change in circumstances. See e.g., Stiff v. Stiff, 395 So.2d 573 (Fla. 2d DCA 1981). Daisy Brogdon is not required to confirm her existing alimony award, and section 744.421, Florida Statutes, authorizes any person dependent on the ward for support to petition for an order directing the guardian to provide such support from the ward's property. Section 744.434, Florida Statutes, authorizes the court to act upon a petition of a "creditor or other interested person" for the production of guardianship assets. Daisy Brogdon's status as one entitled to receive alimony, under a presumptively valid domestic relations decree, is a sufficient interest upon which to predicate standing to contest the guardian's inventory and compel the payment of alimony. The court thus should have addressed the merits of Daisy Brogdon's petitions.
The order appealed is reversed and the cause remanded.
ERVIN and ZEHMER, JJ., concur.