PER CURIAM.
 

 Carol Green, the wife of the ward, Ronald Green, appeals an order denying her petition for support and contribution from the ward’s estate and denying her motion to compel visitation with her husband. Finding that the trial court incorrectly concluded that the wife’s petition for support was barred by an earlier agreed order entered in the case, we reverse that portion of the order. We affirm the denial of the wife’s visitation request.
 

 The ward and his wife of 27 years resided together. The ward was diagnosed with Multiple System Atrophy. His condition degenerated to the point that he was unable to speak or care for himself. For almost ten years, the wife provided for the ward’s care. The parties’ expenses and the ward’s medical expenses were paid from joint funds. Over the last year the ward’s family also contributed some monies towards his care. The parties’ joint assets are a car and the marital home. The ward is a one-third beneficiary in his 93-year-old mother’s substantial trust, and he has two life insurance policies valued at about $450,000.
 

 In 2005, the ward and his wife created an estate plan under which the wife was removed as beneficiary of the trust, leaving the trust proceeds for the ward’s children. In exchange, the wife was made the primary beneficiary on the ward’s two life insurance policies.
 

 In 2010, the ward’s son filed a motion for appointment as limited guardian, and later permanent guardian, of the ward. The son moved the father from the marital home to a newly-constructed guest house at the son’s home. The guardian started a domestic violence action (on behalf of the ward) against the wife, alleging verbal abuse. She denied having abused the ward, but admitted that she may have said regrettable things out of frustration. The wife is also elderly and suffers from several degenerative illnesses. The trial court noted a history of animosity between the ward’s wife and son.
 

 The guardian moved to withdraw funds from the ward’s life insurance policies to meet the shortfall in meeting the ward’s expenses. The ward’s monthly income is $7,300; his expenses are $10,497. The wife contested this, arguing that the guardian could use the trust account proceeds. This dispute led to an agreed order that allowed the guardianship to withdraw $225,000 in accelerated insurance benefits. The proceeds were to be held in trust. Any unused proceeds go to the wife upon the ward’s passing.
 
 [1]
 

 After that order was entered, the wife was the victim of a home invasion robbery. Her jewelry and other valuables were stolen. She had planned to sell these assets to meet her expenses. The wife’s monthly
 
 *434
 
 income is $3,000; her expenses are $6,000. The wife filed a petition for support from the guardianship estate. She also sought to compel visitation with the ward. She asserted that she loved her husband, missed him, and believed that his decision not to see her was due to the guardian’s influence.
 

 At the hearing on the wife’s motion, the trial court stated that it was inclined to award the wife relief but felt that the agreed order precluded the award because the funds were solely for the ward’s support. Thereafter, because the ward’s attorney agreed that the ward was still jointly responsible for the expenses of the house, the court awarded the wife $600 monthly as half the monthly costs of property taxes and insurance, and $300 monthly toward other costs of maintaining the marital home. The court denied the wife’s request for retroactive support and her request for ■visitation. The wife appeals from this order.
 

 The dispositive issue on appeal is whether the trial court properly denied the wife’s requested support based on the language in the agreed order. The court stated that it would be inclined to grant the requested relief
 

 but for the agreed order of June 22nd, which states, among other things, is [sic] that the guardian may apply for the accelerated benefits in the life insurance policy placed in the restricted account to be used for the ward’s prospective expenses. That’s where we’re at. That’s the agreed order. I’m afraid you’ve got to live with it. I don’t see any other way out of it.
 

 However, the language in the agreed order is unambiguous and must be given its plain meaning.
 
 See generally Crawford v. Barker,
 
 64 So.3d 1246 (Fla.2011) (stating that plain meaning of words in unambiguous document controls). Nothing in that order precludes a separate application or award for the wife. In fact, that order demonstrates that there would be further discovery and exchange between the parties as to how those proceeds would be utilized.
 

 Additionally, the ward is still statutorily responsible for his wife’s support. § 744.397, Fla. Stat. (2011). Section 744.421 “authorizes any person dependent on the ward for support to petition for an order directing the guardian to provide such support from the ward’s property.”
 
 Brogdon v. Guardianship of Brogdon,
 
 553 So.2d 299, 301 (Fla. 1st DCA 1989). The opponents of the wife’s motion have not raised a persuasive argument against her entitlement to support, other than the fact that she receives a pension (and thus is not penniless) and that the ward’s funds might run out before he dies. This is a risk in any guardianship situation, and not a legal justification for avoiding a legitimate support obligation.
 

 Specifically, in keeping with the parties’ estate plan, the wife was divested of her interest in the ward’s trust proceeds in exchange for the insurance proceeds. Essentially, this was the wife’s retirement plan. These proceeds have now been invaded for the ward’s expenses. While the wife did agree to this acceleration in the interest of her husband’s comfort, she did not waive her personal right to seek support. Here, there are sufficient discrepancies in the guardian’s accounting of the ward’s property to demonstrate that there may be other avenues of revenue open for the guardian to meet the ward’s spousal support obligation. Nothing limits the guardian from requesting trust proceeds to meet the ward’s obligations, including spousal support.
 

 For these reasons, the portion of the order denying the wife’s petition for support beyond the awarded $900 is reversed.
 
 *435
 
 On remand the wife’s request for support, including retroactive support, shall be considered without preclusion or limitation based on the agreed order. However, we do not disturb the order denying visitation, as the trial court is in the best position to determine the desires of the ward.
 

 Affirmed in part and reversed in part.
 

 [1]
 

 . That order provides, in pertinent part:
 

 5. Within the next 30 days, the Guardian may apply for the accelerated benefits (up to the total $225,000 limit) from the life insurance policies and place same in the Restricted Guardianship Account to be used for the Ward's prospective expenses above the Ward's income and assets and pursuant to the Court’s Orders as to reasonable expenses, subject to the discovery etc. below.
 

 6. Within two weeks of June 22, 2010, the Guardian will provide the Wife’s attorney with reports and other evidence of the Ward's necessary expenses, assets and income (per Wife’s Notice to Produce at Hearing, subject to reasonable Objections). If the parties cannot agree as to the Ward’s monthly needs, the Court will set an expedited hearing to determine reasonable expenses upon motion by any party.