MeCORD, Judge.
Appellant husband appeals that portion of the final judgment of dissolution of the parties’ marriage that awards custody of the parties’ young daughter to appellee wife. We affirm.
In his final judgment, the trial judge elaborated on the many factors that influenced his decision. The final judgment and the record in this case show that, although both appellant and appellee have a good relationship with their child, they are somewhat immature and both are, to a' great extent, dominated by their respective parents. The evidence shows that appellant’s parents have played a major role in caring for their granddaughter. The evidence also shows that appellee spends much of her time in the home of her parents. Thus, the influence of both sets of grandparents was a factor for consideration before the trial judge.
The major controversy in the case revolves around allegations in the record against the maternal grandfather concerning certain allegations based upon hearsay that he has attempted to sexually molest some of his own daughters and granddaughters, not including the parties’ child. The trial judge expressed his concern regarding those allegations and, as a result thereof, ordered “that at no time shall the child be with her maternal grandparents unless Marlene [appellee] is personally *1026 present with her.” In an order on clarification, he placed the following restriction on appellee:
It was the court's intention that the wife will not take up permanent or temporary residence with her parents. She will be allowed to visit her parents, but such visitation should not involve overnight stays, when the wife is accompanied by the parties’ minor child.
We are concerned, as was the trial judge, with the allegations made against the maternal grandfather. However, in view of the fact that the trial judge was in a better position to assess the situation, we defer to his judgment as to the best interests of the child. In the absence of a clear showing of abuse of discretion, the decision of the trial judge in a child custody case will not be reversed. Dinkel v. Dinkel, 322 So.2d 22 (Fla.1975).
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.