LEHAN, Judge.
In this dissolution of marriage case the husband appeals from the trial court’s final judgment awarding the wife $225.00 per week permanent periodic alimony. The husband contends that the award of permanent periodic alimony in that amount was improperly used by the trial court as a means to allocate to the wife the ability and responsibility to pay joint debts of the parties. We agree with that contention and reverse.
Although the final judgment in its paragraph which awarded the wife permanent periodic alimony does not specifically say that the amount of alimony was fixed for *81 the purpose of permitting the wife to pay those debts, the wife concedes that that was the purpose. Also, the paragraph in the final judgment immediately following the paragraph awarding permanent periodic alimony places upon the wife the responsibility to pay those debts, and, although the record is not entirely clear in this respect, it appears that she could not be expected to do so without receiving that amount of alimony. Further, the record shows that the husband was given the opportunity to have the amount of that alimony substantially reduced if he would take responsibility to satisfy the joint debts, and he refused that opportunity.
We agree with the argument of the husband that it is inequitable to place upon him an obligation to pay permanent periodic alimony in an amount which will provide the wife with the ability to retire debts which exist in an established amount. As a consequence of alimony being fixed in that manner, the husband could remain obligated for that amount of alimony long after the debts are paid, thus requiring alimony for a purpose not intended by the trial court. We have been cited to no case law authorizing a permanent periodic alimony award for that purpose.
Of course, one spouse may be given the responsibility to pay joint debts. See, e.g., Caldwell v. Caldwell, 383 So.2d 1115 (Fla. 3d DCA 1980), and Kaylor v. Kaylor, 413 So.2d 870 (Fla. 2d DCA 1982). Lump sum alimony payable in installments, see Kirchman v. Kirchman, 389 So.2d 327, 330 (Fla. 5th DCA 1980), could be a method by which to provide amounts to one spouse for the purpose of giving that spouse the ability to pay debts without fixing upon the other spouse the obligation to continue providing those amounts after the debts have been paid.
The husband also contends that the award of permanent periodic alimony is in excess of the wife’s needs. It' appears from the wife’s brief that the wife’s net income, including her wages, alimony and child support, before payment of income taxes on the alimony, will be approximately $2,148 per month as compared to her needs of $1,868 per month. Those needs apparently include funds with which to pay the joint debts. The husband further contends that the award of permanent periodic alimony exceeds his ability to pay. According to his financial affidavit the husband earns approximately $1,840 per month net from multiple jobs which, after payments of alimony and child support as awarded, would leave him approximately $440 per month.
That may well leave him with insufficient funds with which to live, but, in any event, it seems inequitable to thereby, in effect, require him to work at multiple jobs. It appears that if he works at one job he would not have sufficient funds with which to live after payment of the alimony and child support awards.
We conclude that there was an abuse of discretion in the award of permanent periodic alimony to the extent that that award was for the purpose of allocating to the wife the ability to pay joint debts. We therefore remand for the trial court to refashion the final judgment in such a way as to eliminate the requirement that the husband pay permanent periodic alimony for that purpose and to otherwise do equity between the parties, taking into account the needs of the wife and the ability of the husband. See Canakaris v. Canakaris, 382 So.2d 1197, 1201-02 (Fla.1980). The wife may be given the ability to pay joint debts through lump sum alimony payable in installments.
Reversed and remanded for proceedings consistent herewith.
CAMPBELL, A.C.J., and SANDERLIN, J., concur.