540 So.2d 230 (1989)
Karen Arlie HARRISON, Appellant/Wife,
v.
Joseph Richard HARRISON, Appellee/Husband.
No. 88-2543.
District Court of Appeal of Florida, First District.
March 23, 1989.
*231 Raymond E. Makowski, Jacksonville, for appellant.
M. Angela Tyree, Lake City, for appellee.
NIMMONS, Judge.
Appellant wife raises several challenges to the trial court's final judgment of dissolution of marriage. We affirm in part, reverse in part, and remand.
The parties are both 40 years old, and were married for 21 years. The marriage produced four children, three of whom are minors. Appellee husband is a veterinarian who obtained most of his education while the parties were married, and the wife is a high school graduate who attended one year of cosmetology school. The wife worked outside of the home at the beginning of the marriage, but stopped after the birth of the parties' second child. More recently, she has worked from her home as a Mary Kay cosmetics saleswoman. The husband showed gross income of $1,230.21 per week, while the wife showed gross weekly income (at the time of filing for dissolution) of $250.00. The wife testified at the final hearing that her declining sales production  brought on by the stress of the dissolution proceedings  had caused her income to decline to $103 a week. The trial court recognized that the wife suffers from emotional problems.
At the time of commencement of the dissolution action, the parties lived in a home which was provided by the husband's mother and upon which neither of the parties had made any payments. The trial court awarded the wife one half of the estimated value of the marital assets as equitable distribution in the form of lump sum alimony. The custody of the minor children was contested, and the trial court provided for shared parental responsibility with the primary physical residence of all three children to be with the husband.
On appeal, the wife challenges the trial court's failure to award her permanent periodic alimony or attorney's fees, the trial court's equitable distribution of the parties' assets, and the court's ruling on custody.
The award of custody to the father was not an abuse of discretion and is therefore affirmed. Falk v. Falk, 422 So.2d 1025 (Fla. 1st DCA 1982); Richardson v. Richardson, 442 So.2d 1005 (Fla. 3rd DCA 1983).
However it was an abuse of discretion to fail to award permanent alimony. A trial court need not equalize the financial positions of the parties, but it must ensure that neither spouse passes from misfortune to prosperity or from prosperity to misfortune. Wagers v. Wagers, 444 So.2d 520 (Fla. 1st DCA 1984); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
A former spouse's need for alimony is determined partially by reference to the standard of living enjoyed by the parties during the marriage. § 61.08(2)(a); Canakaris at 1201-1207. In the instant case, the parties had a combined gross income of more than $1,400 per week with no rental or mortgage expense. After the divorce, the wife was left with a gross income of at best $250 and the need to pay for housing.[1] The marriage was of long duration and the husband's present and future earning ability is far stronger than that of the wife.
Section 61.08(2)(c) also directs that the trial court consider the emotional condition of each of the parties. The evidence clearly established  indeed the evidence was virtually uncontradicted  that the wife suffers *232 from severe emotional problems. On remand, the trial court is to consider to what extent the wife's emotional condition affects her earning capacity. See Gensemer v. Gensemer, 383 So.2d 913 (Fla. 2d DCA 1980).
We also find that in view of the substantial disparity in financial circumstances between the parties, the failure to award attorney's fees and costs to the wife was an abuse of discretion, and direct the court upon remand to grant the wife an award of fees and costs. See Kelly v. Kelly, 491 So.2d 330 (Fla. 1st DCA 1986); Johns v. Johns, 423 So.2d 443 (Fla. 4th DCA 1982).[2]
We modify the equitable distribution in one respect. The record reveals a computational error. At the final hearing, the trial court calculated that the marital home was worth $42,000, that the value of the husband's veterinary practice was $20,000, that a piece of property owned by the husband was worth $3,000 and that certain liquid assets owned by the husband were worth another $3,000. This totals $68,000, but the trial court arrived at a total of $66,000 and awarded the wife $33,000. The written judgment, on the other hand, omits the $3,000 in assets for a total of $65,000, but still reaches a total of $66,000 and awards the wife $33,000. In order to effectuate the trial court's intent to equally divide the marital assets, we direct that the judgment be corrected to reflect an award to the wife of $34,000, representing one half of the $68,000 in assets. In all other respects, the distribution is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
SMITH, C.J., and ERVIN, J., concur.
NOTES
[1] Given the wife's uncontroverted testimony as to the drastic reduction in her income, we find the record and judgment ambiguous as to the wife's present earning potential, especially in light of her apparently conceded emotional problems. In any event, there is no competent substantial evidence that, even under the best of circumstances, she has ever earned more than $250 per week, an income level which in this case would entitle her to a permanent periodic alimony award.
[2] The trial court is authorized to conduct further proceedings as necessary to determine the amount of the wife's awards of alimony and attorney's fees and costs.