SCHOONOVER, Acting Chief Judge.
The appellant, Sharon Paetzold, challenges the final judgment which dissolved her marriage to the appellee, John R. Paetzold. We find that the trial court erred by ordering the husband to pay rehabilitative alimony as a means of making payments on certain joint debts and by not requiring the husband to pay permanent periodic alimony. We affirm the trial court in all other respects.
At the time of the final hearing in this matter, the husband, age forty-three, and the wife, age forty-two, had been married approximately twenty-three years, had three adult children, and were both gainfully employed. The wife was earning $25,500 per year and the husband was making $59,500 plus other benefits. In the final judgment dissolving the marriage, the court, after making an equitable distribution of the parties’ limited assets and liabilities, ordered the wife to assume joint credit card debts totalling nearly $19,000. The court also ordered the husband to pay rehabilitative alimony in the amount of $500 per month for forty-eight months.
In response to the wife’s motion for rehearing, the trial judge entered an order stating that the judge was responding to the wife’s concern about her credit rating when he made her liable for certain debts and ordered rehabilitative alimony to offset the husband’s portion of the joint liability. The order also stated that permanent alimony was not legally or factually required.
The wife contends that since she was not seeking, and was not entitled to rehabilitative alimony, the court should have ordered the husband to pay permanent periodic alimony to help her discharge the credit card debts and should not have required him to pay rehabilitative alimony. Athough the final judgment did not set forth the basis for the award of rehabilitative alimony, as mentioned above, the order denying the wife’s motion for rehearing did. A court may order one spouse to pay joint debts of the parties, but an award of rehabilitative alimony for the purpose of paying those debts is improper. We understand the wife’s concern and realize the court was attempting to solve the problem. Upon remand the court may wish to consider a lump sum alimony award and make it payable in installments. Price v. Price, 484 So.2d 80 (Fla. 2d DCA 1986). This would provide the wife adequate funds to discharge the debts and maintain the wife’s credit rating.
Athough we disagree with the wife’s contention that the court was required to order the husband to pay permanent alimony as a means of discharging the joint debts, we agree with her contention that the court should have awarded her at least some permanent alimony. Green v. Green, 484 So.2d 1269 (Fla. 3d DCA 1986). This is a long term marriage where the wife has a limited earning capacity which is unlikely to allow her, on her own, to enjoy the standard of living she had while she was married. If she ever attains that standard, the alimony *890 award can be modified. In the meantime the wife is entitled to at least some permanent periodic alimony. See Nelson v. Nelson, 588 So.2d 1049 (Fla. 2d DCA 1991); Harrison v. Harrison, 540 So.2d 230 (Fla. 1st DCA 1989); Wing v. Wing, 429 So.2d 782 (Fla. 3d DCA 1983).
We, accordingly, reverse and remand with instructions to reconsider the payment of the joint credit card obligations referred to herein and to award permanent alimony.
Reversed and remanded with instructions.
BLUE and WHATLEY, JJ., concur.