413 So.2d 1203 (1982)
Robert NEUMANN, Appellant,
v.
Diane NEUMANN, Appellee.
No. 81-1185.
District Court of Appeal of Florida, Third District.
March 30, 1982.
Rehearing Denied June 7, 1982.
Melvyn B. Frumkes and Cynthia L. Greene, Miami, for appellant.
Marks, Aronovitz & Leinoff and Andrew M. Leinoff, Miami, for appellee.
Before HUBBART, C.J., FERGUSON, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.
PER CURIAM.
The husband appeals from the final judgment for dissolution of an eighteen-year marriage. The wife cross-appeals.
The parties were married in 1963, the marriage being the wife's fourth and the husband's first. The wife's two children by prior marriage were adopted by the husband. Two more children were adopted by the parties. Of the four children, only one daughter is still a minor and is in custody of the husband with consent of the wife.
During the marriage the parties enjoyed a high standard of living. The husband has experienced some losses in his insurance business and now claims a substantially reduced level of income. Although the wife has both a real estate and insurance sales license, at age fifty-three, she has never earned a living from these occupations and has no college degree. At the time of the proceedings she was working as a sales clerk earning approximately $150.00 per week. She receives no fringe benefits and the position offers no advancement opportunities.
We find no abuse of discretion either in the award of seventy percent of the proceeds from the sale of the marital home to the wife  part of the award clearly being special equity due to the wife's having contributed from her own trust funds to the *1204 down-payment and to renovation of the home and part being lump-sum alimony; nor is abuse of discretion shown in the award to the wife of the husband's interest in the Levy County and Plantation Beach properties as alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We clarify the trial court's finding in Paragraph eight of the final judgment providing for the equal division of the remaining property to reflect the court's intent, as conceded by the parties, that such division is not to include interest in the husband's business and the parties are to retain the same interest held by them prior to dissolution; the wife is not entitled to any interest in the husband's present residence, nor is the husband entitled to any interest in the wife's present residence; the husband is not required to pay the mortgage on those properties awarded to the wife. We also find that the wife is not entitled to any interest in the husband's Cape Coral property which was acquired by him through inheritance. See, e.g., Evans v. Evans, 398 So.2d 943 (Fla. 3d DCA 1981); Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980), rev. denied, 392 So.2d 1378 (Fla. 1981). We find Schwartz v. Schwartz, 396 So.2d 806 (Fla. 3d DCA 1981) factually dissimilar.
The wife's cross-appeal urges error in the trial court's failure to award permanent instead of rehabilitative alimony. We hold that the court abused its discretion by making the alimony award to the wife rehabilitative in character rather than permanent where as here, there is no showing that the wife could be expected to support herself in accordance with the standard of living established during the marriage. If, after the award of permanent alimony, the wife should become adequately self-supporting, the husband could apply for modification of the judgment as to alimony on the basis of a change in circumstances. Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981); Gratton v. Gratton, 358 So.2d 262 (Fla. 3d DCA 1978).
We reverse that part of the court's order denying to wife any part of her attorney's fees and costs. Creel v. Creel, 378 So.2d 1251 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1111 (Fla. 1980).
Affirmed in part, reversed in part, and remanded for proceedings in accordance with this opinion.