WENTWORTH, Judge.
Jack Young appeals the final judgment dissolving his twenty-one year marriage to Kathryn Young, awarding Kathryn exclusive possession of the jointly-owned, once-marital home until she dies, remarries or resides in the home while unmarried with another man, awarding her permanent alimony of $250.00 per month under the same provisions as her exclusive-possession award, with an added provision that the alimony ceases should she move out of the jointly-owned house, and awarding Kathryn attorney’s fees. We conclude the awards of permanent alimony and attorney’s fees are improper for reasons stated below and, while finding no error in the award of exclusive possession on grounds argued here, we reverse the judgment to permit the exercise of discretion by the trial court in relating all elements of the award.
In granting an award of permanent alimony the trial court should consider all relevant economic factors, including the standard of living established during the marriage and the financial resources of each party, to insure “equity and justice between the parties.” § 61.08, Florida Statutes (1981). Permanent alimony is justified to provide the needs and necessities of life to a former spouse as they have been established by the marriage of the parties, with the two primary elements to be considered being the needs of one spouse for the support and the ability of the other spouse to provide the necessary support. Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980).
The forfeiture provision of the judgment in this case, stating that the permanent alimony shall cease should Kathryn move out of the jointly-owned house, clearly indicates that the award is based on unique costs of maintaining the former marital home and is not related to Kathryn’s general housing needs otherwise commensurate with the parties’ present ability and need. Kathryn’s own testimony indicated that she maintained the house prior to the dissolution, with sporadic and varying contributions by Jack. And Jack’s ability to make the monthly permanent alimony payments, while maintaining a semblance of his maritally established standard of living, is speculative upon the record before us. The award of alimony for the sole purpose of maintaining indefinitely a spouse’s exclusive possession of a jointly-owned house, when those costs are simultaneously determined (by the forfeiture clause) to be beyond reasonable housing costs otherwise awardable, ignores the basic principle of alimony to provide for the needs of the former spouse established by the marriage and within the continuing ability of the other party. The award therefore did not accord with the governing standards, supra.
Absent a showing that Kathryn had an inferior ability to secure competent legal counsel, the award of attorney’s fees was improper. Canakaris at 1205.
The final judgment is accordingly reversed and the cause remanded for further proceedings consistent herewith.
SHIVERS, J., concurs.
JOANOS, J., dissents without opinion.