444 So.2d 520 (1984)
Kelly Scott WAGERS, Appellant,
v.
Janet S. WAGERS, Appellee.
No. AS-67.
District Court of Appeal of Florida, First District.
January 20, 1984.
Rehearing Denied February 16, 1984.
*521 James P. Judkins and Michael A. Jones, of Davis, Judkins & Simpson, Tallahassee, for appellant.
Keith J. Kinderman, Tallahassee, for appellee.
SHIVERS, Judge.
The sole issue in this dissolution action is whether the lower court erred in awarding the wife permanent periodic alimony. We affirm.
Appellant, Kelly Scott Wagers, and appellee, Janet S. Wagers, were married in 1974. During coverture, both parties worked and had established a standard of living based on combined net incomes of approximately $2,400 per month. At the time of the final judgment, the husband and wife were 37 and 36 years of age respectively. The parties are employed by the State of Florida. The husband, a college graduate, is currently paid at a rate slightly above the minimum pay rate in his job classification. In contrast, the wife, a high school graduate, has advanced to the financial limit of her job classification. While the wife's salary has steadily increased in past years, there is evidence that, as a result of inaptitude, she will be unable to proceed beyond her present job classification. Thus, it appears her present income will not be subject to future increases.
The husband receives a net monthly income of $1,512.32, while the wife's net income is $882.61 per month. During a nine month period when the parties were separated, the husband maintained a separate residence, and in addition, paid the wife's expenses of approximately $500 per month.
*522 The parties' 18-year-old daughter resides with the wife and was scheduled to begin attending Tallahassee Community College in the fall of 1983. The husband is not required to make any child support payments.
In its Final Judgment, the trial court denied the husband's prayer for partition of the marital home. The court awarded the wife a $3,000 special equity in the marital home and exclusive possession therein for four years as rehabilitative alimony. During her occupancy, the wife is responsible for the mortgage payments, with credit upon sale. The house has monthly payments of $313 (including taxes and insurance) and a swimming pool payment of $80.77. The court also awarded the wife $400 per month as permanent periodic alimony. The husband appeals only that portion of the Final Judgment awarding the wife permanent periodic alimony.
Appellant contends that the wife failed to prove her need for permanent periodic alimony and that the amount awarded was excessive. According to her financial affidavit, while the wife's net monthly income is $882.61, her monthly expenditures total $1,506.14, leaving a deficit of $623.53. The wife figured her need of $623.53 by calculating this difference between net income and actual expenditures.
The husband cites Young v. Young, 431 So.2d 234 (Fla. 1st DCA 1983) in arguing that the size of the monthly mortgage and utility payments are too large and unreasonable. In Young, we reversed an award of permanent alimony where it appeared the award was based uniquely on the cost of maintaining a former marital home and was unrelated to the wife's general housing needs. The forfeiture provision in Young, stating that permanent alimony would cease should the wife move out of the house, was the basis for this holding. The judgment herein contains no such forfeiture clause nor does it appear that the award of permanent alimony was based solely on the unique cost of maintaining the marital home without regard to the wife's general housing needs. The trial court was within its discretion in including the mortgage and utility expenses of the appellee wife as reasonably within the standards established by the marriage.
The husband challenges the monthly expenses of the wife relating to VISA and two other loans. The wife has listed as an expense a $75 monthly payment to VISA and monthly payments totalling $99.50 on the other two loans. He contends that since he has now paid the VISA account and the other two loans will be repaid within the year, these are not proper expenses. Even if these expenses, totalling $174.50, were excluded from the $623.53, there would remain basis for a $400 per month alimony award.
The husband further contends that the wife has the capacity to make her own way through life unassisted by her former husband. He maintains that the wife is fully able to be self-supporting. It appears, though, that the wife's annual salary of $14,298 is insufficient to keep pace with her expenses. It also appears from the record that she has reached the maximum level of pay in her job classification and, due to inaptitude, will be unable to receive promotions. The trial court considered this factor and it does not appear to be unreasonable.
The husband's alimony payment effectively reduces appellant's net income to $1,112.32 per month, while elevating the wife's net income to $1,282.61 per month. A trial court need not equalize the financial positions of the parties, but it must ensure that neither spouse passes from misfortune to prosperity or from prosperity to misfortune. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Apparently, appellant does not contest his ability to pay, but focuses his argument on the wife's need. The trial court has determined that the wife is in need. As Justice Overton wrote in Canakaris, permanent periodic alimony is used to provide for a former spouse's needs as they have been established by the marriage:

*523 Permanent periodic alimony is used to provide the needs and necessities of life to a former spouse as they have been established by the marriage of the parties. ... The criteria to be used in establishing this need include the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estate.
Id. at 1201. (emphasis supplied).
Here there is no evidence of any enhanced income potential on the part of wife, nor is there any indication of her capacity for sufficient rehabilitation that would enable her to maintain her standard of living established during the marriage (Cf. Evans v. Evans, 443 So.2d 233 (Fla. 1st DCA 1983) (where this potential existed).
Appellant's reliance on Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976), is inappropriate. In Cann, we reversed an award of permanent alimony and remanded for determination of proper rehabilitative alimony, where it appeared the wife had a bachelor's degree, was employed prior to her marriage, had taken postgraduate college courses since her marriage, and had both the capacity and the desire to become self-supporting. In Cann the wife's apparently good potential to become self-supporting was as yet undetermined. We concluded in Cann that
as the period of rehabilitative alimony draws to a close, the wife may, upon a showing of diligent effort toward rehabilitation which through no fault of her own has been unsuccessful, petition the trial court for an extension of rehabilitative alimony or an award of permanent alimony.
While the apparently bright potential of Mrs. Cann was not yet fulfilled and established, the abilities and earning capacity of Mrs. Wagers have been identified.
The wife has adequately established her need for permanent periodic alimony. The husband has not shown the trial court abused its discretion.
AFFIRMED.
MILLS, J., concurs.
ZEHMER, J., dissents without written opinion.