MILLS, Judge.
In this dissolution action, Jack Young appeals from the trial court’s order modifying the final judgment. He contends the trial court erred in awarding permanent periodic alimony to his ex-wife, Kathryn Young. We agree and reverse.
In the first appeal of this case, this Court reversed the final judgment because the permanent periodic alimony award of $250 monthly was “based on the unique costs of maintaining the former marital home and is not related to Kathryn’s general housing need.” Young v. Young, 431 So.2d 234, 235 (Fla. 1st DCA 1983). On remand, the trial court reduced the award from $250 to $175 monthly and removed the condition that Kathryn remain in the former marital home to receive permanent periodic alimony.
The permanent periodic alimony award is no longer based on the unique costs of maintaining the former marital home and, therefore, is not erroneous for the reason given in the opinion resulting from the first appeal. Nevertheless, after reviewing the award in terms of Kathryn’s need for support and Jack’s ability to provide support, we conclude the permanent periodic alimony award was an abuse of discretion.
After twenty-one years of marriage, Kathryn filed for divorce. At the time of the final hearing, she was forty-seven years old, in good health, securely employed, and had been for the past nine years, as a secretary with the federal government earning a gross salary of $1,376 monthly. She also received approximately $65 monthly from a coin-operated video game she purchased as an investment. Her assets included $3,700 in checking and savings accounts, a collection of porcelain and china valued at $8,500, the video game purchased for $3,500, and a car valued at $800. In addition, the trial court awarded Kathryn *981 exclusive possession of the former marital home. Kathryn must pay all expenses on the house but will receive a special equity for principal, interest, taxes, and insurance payments when the house is sold. Kathryn’s only other financial liability was $1,600 still owed on the video game.
Jack was 50 years old at the time of the final hearing, retired from military service, and receiving a pension of $817 monthly. He also received approximately $200 monthly for part-time carpentry work. Apart from his interest in the former marital home and certain shares of stock held jointly by Jack and Kathryn, Jack’s only asset was a truck valued at $3,500. His financial affidavit shows liabilities totaling $5,600. Jack and Kathryn have no minor children.
As this Court said in the first appeal of this case:
Permanent alimony is justified to provide the needs and necessities of life to a former spouse as they have been established by the marriage of the parties, with the two primary elements to be considered being the needs of one spouse for the support and the ability of the other spouse to provide the necessary support. Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980).
Young v. Young, 431 So.2d 234, 235 (Fla. 1st DCA 1983). Kathryn’s income, assets, and liabilities put her in such a superior financial position to Jack that the trial court’s award of permanent periodic alimony failed the test of reasonableness described in Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980), and consequently was an abuse of discretion. See also Roberts v. Roberts, 283 So.2d 396 (Fla. 1st DCA 1973).
REVERSED and REMANDED for proceedings consistent with this opinion.
SMITH and NIMMONS, JJ., concur.