PER CURIAM.
This is an appeal from a final judgment entered in a marriage dissolution action. The wife contends that she was shortchanged because the court distributed various properties to her which were burdened with mortgages and awarded to the husband the ongoing business, Seacoast Sanitation Ltd., Inc. (Seacoast), the only significant income-producing property. We agree and, for the reasons which follow, reverse.
The wife claims that as a result of the distribution to her of the debt-ridden properties she will pass from prosperity to misfortune. See Wagers v. Wagers, 444 So.2d 520 (Fla. 1st DCA 1984) (trial court need not equalize financial positions of parties but must ensure that neither spouse passes *40 from misfortune to prosperity or from prosperity to misfortune); Gallagher v. Gallagher, 399 So.2d 75 (Fla. 5th DCA) (trial judge should not only ensure that neither spouse passes from misfortune to prosperity or from prosperity to misfortune, but should also ensure that one spouse, in the totality of circumstances, should not be shortchanged), dismissed, 407 So.2d 1103 (Fla.1981). Because the wife’s financial position, post-dissolution, does not enable her to meet her obligations, it is apparent the distribution is not equitable.
The husband argues that the wife was not shortchanged in the property distribution because, according to his valuation of the properties, including Seacoast, the wife received 55% of the marital assets. While the trial court did not assign a value to Seacoast in its order, we find, upon a review of the record, that Seacoast appears to be worth approximately $800,000 and, thus, the percentage of marital assets distributed to the wife falls substantially short of the figure suggested by the husband. See, e.g., Saxton v. Saxton, 454 So.2d 575 (Fla. 4th DCA 1984) (where property valuation integral to court’s entire plan of distribution, confusion as to value requires reversal of property award).
As the trial court noted in the final judgment, “This is a proper case for the application of the doctrine of equitable distribu-tion_” We are in accord. However, under the circumstances of this case, the assets were unfairly distributed. We, therefore, vacate those portions of the judgment which award the wife the mortgaged properties and which award Seacoast exclusively to the husband and remand with instructions to the trial court to determine the value of the capital stock of Seacoast and thereafter to award the wife, in light of a distribution of the marital assets sans the burdened properties, an equitable portion of Seacoast, the value of which she shall receive not in the form of the husband’s stock in Seacoast, but in payments from the husband under reasonable terms and conditions as established by the trial court. See Novak v. Novak, 429 So.2d 414 (Fla. 4th DCA), rev. denied, 438 So.2d 833 (Fla.1983).
Reversed and remanded with directions.