491 So.2d 1219 (1986)
Robert Edward COSGROVE, Appellant,
v.
Madelaine Mackoul COSGROVE, Appellee.
No. BI-94.
District Court of Appeal of Florida, First District.
July 22, 1986.
H. Randolph Fallin, Jacksonville, for appellant.
Lucinda H. Young of Datz, Jacobson & Lemboke, Jacksonville, for appellee.
MILLS, Judge.
This is an appeal from a final judgment of dissolution of marriage, wherein the husband contends the trial court abused its discretion in awarding to the wife permanent periodic alimony in the amount of $1,500 per month. We disagree and affirm.
In the oft-cited case of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the Florida Supreme Court set out the standard to be used by appellate courts in reviewing alimony awards as follows: "If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." This stringent standard was recently confirmed in Walter v. Walter, 464 So.2d 538 (Fla. 1985), and Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985).
It is clear, therefore, that before reversal can be required in this cause the husband must have demonstrated no reasonable person could have taken the view of the trial court that an award of permanent periodic alimony to the wife was proper. This the husband has utterly failed to do.
The various criteria used by trial courts to determine need for permanent alimony are the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates. Canakaris at 1201. Considering the wife's general monthly needs of $2,855 as set out in her financial affidavit, the twenty-year length of the parties' marriage and the standard of living established by the husband, most recently at an annual salary of $59,100, we find the trial *1220 court's granting of permanent alimony was reasonable under the Canakaris standard.
Moreover, the husband's argument that the wife's current income should have precluded a finding of need for permanent alimony is without merit. As the court in O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982), observed:
A person is not self-supporting simply because he or she has a job and income. The standard of living must be compared with the standard established during the course of the marriage. A divorced wife is entitled to live in a manner reasonably commensurate with the standard established by the husband during the course of a long-term marriage.
Accord, Wagers v. Wagers, 444 So.2d 520 (Fla. 1st DCA 1984).
AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.