SHIVERS, Chief Judge,
concurring in part and dissenting in part.
I concur in part and dissent in part. Canakaris is our polestar and I believe that under the law and the circumstances of this case we should reverse the awarding of rehabilitative rather than permanent alimony. I would, however, affirm the remainder of the trial court’s final judgment.
The parties met and became engaged while both were students at Emory University. They married in 1970 after they had both completed their undergraduate studies. The wife accompanied her husband to medical school at the University of Alabama and gave up her own graduate school and career plans. The wife worked in the *493 early years of the marriage to contribute to the support of her husband in medical school. The wife’s work experience is limited to a number of clerical jobs and a production assistant in a television station. She never earned more than a few thousand dollars per year. The wife’s actual income for part-time employment in the 1980s either showed a loss or was $100, with the exception of $2,730 in 1984. In the recent years she has not worked outside the home. Following the husband’s graduation from medical school, the parties traveled to Durham, North Carolina, where the husband did his residency at Duke University and the wife continued her employment. The husband’s income increased during the period of his residency and he began to be the principal provider for the couple. There are two children, now six and three years of age. The husband left home when the younger child was seven months.
The parties had delayed having children until the wife was in her thirties and the wife has essentially been a housewife and mother since the birth of the parties’ children. Since moving to Jacksonville, Florida, in 1979, the husband has become an established, successful partner in a large radiology group earning substantial income and the parties accumulated substantial assets. In 1987 the husband’s income had reached approximately $403,000 a year.
A judgment dissolving the marriage was entered on May 15, 1988 and the husband remarried between that date and the time of the first hearing on contested issues on May 25, 1988. The trial court awarded primary residential care of the minor children to the wife and ordered the husband to pay child support of $1,000 per month per child until the children attain 18 years of age, private school expenses and medical and dental expenses. The wife was awarded $4,000 per month alimony for 72 months. The court left open the possibility of extension. The husband was awarded assets totaling $890,957. The wife’s assets totaled $551,869. The husband is to maintain the wife as beneficiary on his life insurance policy as security for the alimony and child support. The income tax refund of $14,000 was ordered equally divided and the husband was ordered to pay the wife’s attorney fees.
The wife contends that based upon the duration of the marriage, 17 years, the standard of living of the parties during the marriage, and the fact that the wife cannot be rehabilitated to that standard, the fact that the children are very young and that the wife’s major role has been taking care of the children, that the alimony award should be permanent, not rehabilitative, and that although the court left open the possibility of extension, the burden would then be upon the wife when she is entitled to permanent alimony now.
The wife does not contend that she is either physically or mentally incapacitated from working. She says that she has a full-time job caring for her children and as a homemaker. When the parties were together she was not expected to work or contribute to the household income once the husband became established and successful.
Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980) sets out the guidelines for the consideration of permanent alimony:
Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds. The criteria to be used in establishing this need include the parties’ earning 'ability, age, health, education, the duration of a marriage, the standard of living enjoyed during its course, and the value of the parties’ estates,
(emphasis supplied)
In Wagers v. Wagers, 444 So.2d 520 (Fla. 1st DCA 1984), we acknowledged and followed the Canakaris mandate that permanent periodic alimony is used to provide for a former spouse’s needs as they have been established by the marriage, and quoted the above citation.
*494 In Cosgrove v. Cosgrove, 491 So.2d 1219 (Fla. 1st DCA 1986), we quoted O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982) for the Canakaris principle that the standard of living must be compared with the standard established during the course of the marriage.
During the parties’ marriage the parties lived well. They belonged to a country club, moved to successively nicer homes and traveled extensively. Their last home in the Mandarin area sold for $675,000. During the marriage the parties had traveled to Greece, Switzerland, Italy, Germany, Holland, Paris, London, California, New Orleans, Bermuda, and Jamaica. After the separation the husband continued his travels, going to San Francisco, Cayman Islands, St. Thomas, Vail, and Cozumel. The husband projected his own needs at over $8,000 per month. The evidence shows now that the wife cannot be rehabilitated to earn a sum so that she may live anywhere near the standard established during the course of this marriage and the burden should not be on her at the end of 72 months to prove this.
In Garrison v. Garrison, 351 So.2d 1104 (Fla. 4th DCA 1977), Judge Alderman wrote:
The error is harmful even though the wife may at any time during the rehabilitative period petition for a continuation of rehabilitative alimony or a modification to make the alimony permanent. This is so because the burden is placed upon the wife to show significantly changed circumstances before there can be a modification. If she is entitled to permanent alimony it should be awarded now. Later, if the husband can show changed circumstances, either his or hers, he may be entitled to modification. Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973).
At this stage of her young children’s lives, the wife should not be required to make an attempted rehabilitation that would enable her to live in a standard established by the marriage when this cannot reasonably be done. The husband received a far greater share of the parties’ assets and earns a sufficient amount to pay his former wife permanent alimony in addition to his other obligations. I would find that the trial court abused its discretion in not awarding permanent alimony and would require that the $4,000 per month rehabilitative alimony award be converted to $4,000 per month permanent alimony. I would affirm the able judge’s amended final judgment in all other respects.