566 So.2d 261 (1990)
Deborah Ann ENFINGER, Appellant,
v.
Robert H. ENFINGER, Appellee.
No. 89-2477.
District Court of Appeal of Florida, First District.
May 3, 1990.
On Denial of Rehearing September 13, 1990.
*262 Carroll L. McCauley, Panama City, for appellant.
Jeffrey P. Whitton, Panama City, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order entering a final judgment of dissolution of her marriage to appellee. We find no error in the trial court's distribution of marital assets to the parties or in the requirement that appellant pay her own attorney's fees. However, because the record indicates that the trial court excluded certain testimony relevant to a determination of entitlement to rehabilitative alimony, we reverse and remand for determination of that issue anew, and for reconsideration also of equitable distribution because of relatedness of financial and property awards in such cases.
The parties were married in 1981 after previously commencing joint residence when the appellant wife was in her early twenties and appellee was considerably older. At the time of dissolution in 1989 they had two small children, ages 4 and 7, who currently reside with their father. In her petition for dissolution, in addition to equitable distribution and attorney's fees appellant requested temporary and rehabilitative alimony. The court awarded her $400 a month temporary alimony pending final judgment.
Final hearing was held approximately one month after temporary alimony was ordered. During the course of the testimony at hearing, appellant was questioned by both the husband's attorney and the court about an extramarital affair in which she was involved in the months preceding her divorce. However, when her counsel attempted *263 to elicit information from appellant concerning her husband's prior infidelities, the court interrupted and stated that because the husband was not asking for alimony, such testimony "[did not] have any effect on the ruling of the court," and was to be excluded. The court also stated that he could "punish" appellant for her marital misconduct through a denial of alimony.[1] The trial court then terminated the prior award of temporary alimony and denied appellant rehabilitative alimony on the stated ground that appellant's "skill level now is no better or worse than it was before she married him and her recent activities do not indicate that she is making a living for herself or trying to better herself ... She has been enjoying life at the expense of others so I don't think she's entitled to rehabilitative alimony... ."
Section 61.08, Florida Statutes (Supp. 1988), recites:
(1) In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature... The court may consider the adultery of either spouse and the circumstances thereof in determining the amount of alimony, if any, to be awarded.
.....
(2) In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
.....
(d) The financial resources of each party and the marital assets and liabilities distributed to each.
(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
The principal purpose of rehabilitative alimony is to establish a capacity by the receiving spouse for self support, to the extent consistent with the capability of the other spouse, at the standard of living established by the parties during the course of the marriage. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Askegard v. Askegard, 524 So.2d 736 (Fla. 1st DCA 1988). According to the testimony, appellant did not finish high school and had worked only in minimum wage jobs prior to the marriage. During the marriage she did not work outside the home, serving instead as a homemaker, wife and mother to the two children born during that time. She is currently able to obtain only minimum wage jobs. In contrast, the husband has been steadily employed with the same company for 28 years and currently makes approximately $35,000 per year. The relevant inquiry for the trial court in determining need for rehabilitative alimony should have been whether such was required to enable appellant, upon dissolution, to support herself at the marital standard, there being no apparent issue as to appellee's capacity to maintain that standard.
The record indicates that the trial court, in determining appellant's lack of entitlement to rehabilitative alimony because her "skill level now is no better or worse than it was before she married him," applied an incorrect standard. In addition, the court erred in basing its exclusion of testimony relating to the husband's infidelity on the fact that the husband was not seeking alimony. Under section 61.08(1), Florida Statutes, as amended in 1988 and effective at the time of the hearing in this case, it is proper for the court to consider the adultery of either spouse in determining whether alimony of any kind should be awarded.
*264 Because the trial court improperly excluded certain relevant testimony and applied an improper standard in determining the issue of entitlement to rehabilitative alimony, we reverse the order appealed and remand for reconsideration of the dispositional scheme after an evidentiary hearing consistent with the dictates of section 61.08, Florida Statutes.
Reversed and remanded for further proceedings consistent herewith.
SMITH and JOANOS, JJ., concur.

ON MOTION FOR REHEARING DENIED
WENTWORTH, Judge.
Appellee petitions for rehearing on the ground that this court has overlooked or misapprehended the law as it pertains to appellate review of the exclusion of testimony at trial. We deny rehearing.
Appellee's argument that "appellant has not asserted the exclusion of this evidence as error" is misplaced in the face of appellant's explicit assertion of error in denial of rehabilitative alimony based on erroneous refusal "to consider ... testimony offered ... of Mr. Enfinger's adulterous behaviour."
At final hearing the trial court interrupted appellant's testimony referencing her ex-husband's involvement in marital infidelities, preventing further explanation by asserting that the testimony "[did not] have any effect on the ruling of the court" pertaining to alimony because her ex-husband was not seeking such an award. We note that Florida law requires both trial and appellate courts to take judicial notice of certain decisional, constitutional, and public statutory law of the state of Florida. And as set out in the opinion herein, section 61.08, Florida Statutes (Supp. 1988), provides for consideration of "the adultery of either spouse and the circumstances thereof in determining the amount of alimony, if any, to be awarded." (e.s.)
Clearly, testimony relating to the infidelity of either party is material evidence which may be presented to the court for consideration in its decision to grant or deny either party an award of alimony, and the trial court here erred in ruling that evidence of the ex-husband's infidelities was immaterial. We therefore find no merit in appellee's further argument here on rehearing.
Rehearing is denied.
SMITH and JOANOS, JJ., concur.
NOTES
[1] The record recites the following additional comments made by the trial court: "[T]he next question is does she deserve anything better than pots and pans? ... [S]he is off gallivanting around the country ... [S]he has been on her back so long, that's her problem. Now she needs to get on her feet, pardon the pun."