580 So.2d 331 (1991)
Phyllis A. MEACHUM, Appellant,
v.
Richard N. MEACHUM, Appellee.
No. 90-01963.
District Court of Appeal of Florida, Second District.
May 31, 1991.
*332 Theodore N. Taylor of Law Office of Theodore N. Taylor, P.A., Plant City, for appellant.
L. Guerry Dobbins, Jr., Lakeland, for appellee.
SCHEB, Judge.
Phyllis Meachum, the wife, appeals from a final judgment of dissolution. She challenges the fairness of the equitable distribution, the sufficiency of her alimony award, the failure to require the husband to provide her with medical insurance, and the failure to award her attorney's fees. We agree that the court abused its discretion in failing to grant the wife permanent alimony, and we reverse on that point; otherwise we affirm.
The parties married in 1967 and were divorced in 1990. Two children were born of the marriage. The younger was to attain her majority in January 1991. The husband, Richard Meachum, is a forty-seven-year-old GTE facility maintainer, earning approximately $36,500 per year. The wife, age forty-three, was primarily a homemaker during the marriage. She acquired a high school equivalency certificate in 1986. She currently earns about $190 per week performing part-time janitorial services and receives $100 per month rental income. She reports monthly expenses of $1,757.50 plus $519 she pays on accounts. Since the parties separated, the wife has been enrolled in the New Beginnings program for job retraining; however, as of the final hearing she had not yet developed a concrete rehabilitation plan.
The husband's petition and the wife's counterpetition for dissolution sought to achieve an equitable distribution of the parties' assets. The wife sought permanent alimony and medical insurance benefits and requested the marital home and furnishings be awarded to her as lump sum alimony.
After the dissolution proceedings were filed, the parties signed a "prejudgment agreement" in which they agreed to a distribution of assets and allocation of debts. It appears that some transfers of assets to the wife occurred based on the agreement; however, the record does not reflect precisely the transactions that occurred. The husband sought to have the trial judge approve the agreement, and the wife requested the court disapprove it. No order was entered on either request, and from our review of the final judgment, we can only conclude that the court rejected it.
In the final judgment, the trial judge made provisions for parental responsibility and support for the parties' remaining minor child, who was to attain her majority shortly. At that time the parties were to become tenants in common of the marital home with equal responsibility for taxes and insurance. The wife was awarded the furnishings, and the husband was allowed to retain a mobile home and lot he acquired after the parties separated. The wife was awarded a total of $600 in rehabilitative alimony, and the court reserved jurisdiction to address entitlement to attorney's fees.
*333 We cannot say the equitable distribution was generous to the wife, nor can we say it was an abuse of discretion within the teachings of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Moreover, the trial court reserved jurisdiction to address attorney's fees, hence the wife's argument on that point is premature.
We do, however, find merit to the wife's argument that the trial court abused its discretion by awarding only $600 rehabilitative and no permanent alimony. Given the long-term marriage, the wife's limited education and lack of work experience due to her previous role as homemaker, and evidence supporting the husband's ability to pay, the court abused its discretion in failing to award the wife permanent alimony. Canakaris; Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975). The record reveals that the Meachums enjoyed a moderate standard of living during their marriage, but since their separation and cessation of the husband's financial contributions, the wife has been unable to maintain even a semblance of that former life-style. Furthermore, there is no indication that she will be able to support herself in a reasonable manner without continued financial assistance from the husband. With no definite plan of rehabilitation, the award of $600 was wholly inadequate to qualify the wife to earn a salary to enable her to live in a manner comparable to that enjoyed during the marriage.
We cannot say the trial court abused its discretion in not requiring the husband to maintain medical insurance for the wife. However, when the trial court considers the amount of permanent alimony to be awarded to her, it may also consider that she will need to obtain such benefits at her own cost. The final judgment does not mention the husband's vested pension with his employer, who also affords him medical insurance. The above factors, plus the husband's salary and the wife's needs, should be assessed in determining the amount of permanent alimony to be awarded. The court may receive additional evidence on the issues of need and ability, should it be deemed necessary.
Affirmed in part; reversed in part and remanded with directions.
SCHOONOVER, C.J., and DANAHY, J., concur.