594 So.2d 809 (1992)
Marie H. LANIER, Appellant,
v.
Robert M. LANIER, Jr., Appellee.
No. 91-1156.
District Court of Appeal of Florida, First District.
February 11, 1992.
*810 David B. Lee, Jr., of Lee, Hallowes & Green, Orange Park, for appellant.
Richard R. Townsend, of Kopelousos, Head, Smith, Townsend & Metcalf, Orange Park, for appellee.
SHIVERS, Judge.
The sole issue in this dissolution action is whether the trial court erred in awarding the wife rehabilitative alimony and not permanent periodic alimony. We reverse.
The 25-year marriage of appellant, Marie H. Lanier, and appellee, Robert M. Lanier, Jr., was dissolved by final judgment dated March 27, 1991. At the time of the divorce, the wife was 43 and the husband 47 years old, both in generally good health. At the time of filing the petition for dissolution, the wife, who already had an A.A. degree, was a full-time student expecting to receive her B.A. degree in elementary education in Spring 1992. She will need no further training to teach. She testified that a full-time beginning teacher's salary is about $20,000 and acknowledged that jobs in her field are available, presumably at the beginning of the school year following her graduation. During the marriage, she worked 9-10 years as a medical secretary. The husband paid for her education during the marriage, and as a college student she was entirely dependent on the husband for support.
The parties separated in October 1990. At the time of dissolution, the husband earned about $50,000 gross annual salary. He has a high-school education and Air Force technical schooling in computers. In the petition for dissolution, the wife sought, among other things, rehabilitative alimony to complete her education, and permanent periodic alimony based on the husband's marital infidelity and alleged "outrageous conduct" and squandering of marital assets during the affair. See Section 61.08(1), Florida Statutes (1989) (court may consider circumstances of spouse's adultery in determining amount of alimony, if any); Enfinger v. Enfinger, 566 So.2d 261, 263 (Fla. 1st DCA 1990).
The final judgment ordered the husband to pay rehabilitative alimony of $700 every two weeks, commencing March 29, 1991, and continuing through August 1992 or until the death of the husband or wife, or remarriage of the wife, whichever first occurs, and $230 every two weeks ($500 per month) thereafter as additional rehabilitative *811 alimony, commencing on the first payday in September 1992 and continuing in that amount for thirty-six months or until the death of the husband or wife, or remarriage of the wife, which first occurs. It appears that the reduction in alimony payments, to occur on the first payday in September 1992, is based on the wife's testimony that teaching positions are available in her field, that she will have her teaching credentials by the time schools open in Fall 1992, and that her financial picture will change then. See Rao v. Rao, 501 So.2d 38 (Fla. 2nd DCA 1986) (automatic reduction in alimony may be upheld when precisely drawn and conditioned upon a specifically identified occurrence); Antonini v. Antonini, 473 So.2d 739 (1st DCA 1985), rev. den., 484 So.2d 7 (Fla. 1986); Hitt v. Hitt, 571 So.2d 79 (Fla. 4th DCA 1990). The wife was awarded sole ownership of the marital home, valued at more than $80,000 with an equity of about $35,000 and payments of $554. She also received certain household furnishings, a paid-for 1984 car, and $12,500 from a savings account. The husband received $10,000 in savings, his $16,000 IRA, his profit-sharing and pension plan, and retirement program. He was required to pay the wife's $136 monthly COBRA insurance premiums through August 1992.
The Supreme Court of Florida stated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), that the former spouse's needs and necessities of life are to be determined as they were established during the marriage. Id. at 1201. The prior standard of living used to determine support generally is that last shared by the spouses. Pfaffko v. Pfaffko, 559 So.2d 1204 (Fla. 2nd DCA 1990). Rehabilitative alimony is intended to "establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Canakaris, 382 So.2d at 1202. Thus, rehabilitative alimony is proper only where the evidence suggests "that the wife can be rehabilitated to a financial stature that would permit her to become self-supporting." Allison v. Allison, 491 So.2d 1201, 1202 (Fla. 1st DCA 1986).
Although the wife's salary as a teacher is likely to rise in the ensuing years, it is conceded that her income very likely will never be as great as the husband's. In testimony, the wife acknowledged that she will be able to support herself. However, no showing was made that she can ever support herself at a standard of living commensurate with that established during the marriage. This court held in Cosgrove v. Cosgrove, 491 So.2d 1219 (Fla. 1st DCA 1986), that a former spouse with a job and an income might still demonstrate a need of permanent alimony if the post-marital standard is not commensurate with the former standard. See 491 So.2d at 1220. Thus, although a wife is arguably self-supporting, she need not demonstrate total dependency to justify an alimony award. Salisbury v. Salisbury, 525 So.2d 427 (Fla. 1st DCA 1987); DeCenzo v. DeCenzo, 433 So.2d 1316 (Fla. 3rd DCA 1983).
The wife urges error in the failure of the trial court to award permanent periodic alimony. Pursuant to Canakaris, the purpose of permanent periodic alimony is to provide the wife with the needs and necessities of life, as measured against the marital standard of living. Id. at 1201; Allison, 491 So.2d at 1202; Wagers v. Wagers, 444 So.2d 520 (Fla. 1st DCA 1984). We hold that the court abused its discretion by making the alimony award to the wife after August 1992 rehabilitative in character rather than permanent. See DeCenzo. As in Neumann v. Neumann, 413 So.2d 1203 (Fla. 3rd DCA 1982), there was no showing that the wife could be expected to support herself in accordance with the marital standard of living. If the wife should become adequately self-supporting after the award of permanent alimony, the husband could apply for modification of the judgment as to alimony based on a change of circumstances. Id. at 1204.
We reverse that part of the final judgment denying the wife permanent periodic alimony and remand this case with instructions that the rehabilitative alimony after *812 August 1992 be converted to permanent alimony. See Holcomb v. Holcomb, 505 So.2d 1385 (Fla. 1st DCA 1987); Allison; Neumann. The wife is entitled to rehabilitative alimony commencing March 29, 1991, in the sum of $700 every two weeks, continuing through August 1992. As provided in the final judgment, if the death of the wife or husband, or the wife's remarriage, occurs during the period continuing through August 1992, rehabilitative alimony will terminate upon whichever event occurs first. The wife is entitled to permanent periodic alimony in the amount of $230 every two weeks beginning in September 1992, two weeks after the last payment of rehabilitative alimony is due. The permanent periodic alimony awarded shall continue thereafter until the death of the husband or wife, or the wife's remarriage, whichever shall first occur.
REVERSED and REMANDED.
BOOTH and MINER, JJ., concur.