597 So.2d 359 (1992)
Patricia Rae BIBLE, Appellant,
v.
Richard Lee BIBLE, Appellee.
Nos. 90-2468, 90-2713.
District Court of Appeal of Florida, Third District.
April 14, 1992.
*360 Magill & Lewis and R. Fred Lewis, Miami, for appellant.
Elser, Greene & Hodor and Cynthia Greene, Miami, for appellee.
Before BARKDULL, NESBITT and LEVY, JJ.
PER CURIAM.
Wife appeals from a final judgment of dissolution of marriage, claiming the trial court erred in failing to award her (1) permanent alimony; (2) lump-sum alimony consisting of the husband's interest in the marital home; and (3) attorney's fees.
The twenty-five year marriage of Patricia Rae Bible and Richard Lee Bible was dissolved by final judgment dated July 30, 1990, at which time the wife was forty-four years old, and employed as a full-time receptionist-secretary earning a net monthly income of $1048. The husband was employed as an Assistant Director of the Dade County Aviation Department, earning a net monthly income of $4700. There was one minor child, aged sixteen, still living in the marital home. The home was valued at between $225,000 and $250,000, and was encumbered by a $110,000 mortgage.
The wife had completed two semesters of college before marrying the husband in August 1964. Shortly thereafter, the wife quit school and worked to support the husband while he continued to pursue his educational and career opportunities. Throughout the marriage, the wife held various part-time jobs, but her main roles were as wife, homemaker, and mother to their two children.
The final judgment provided, inter alia, that the wife would be awarded exclusive use and occupancy of the marital home until the minor child turned eighteen years of age, and would be responsible for most of the expenses associated with the home. Six months before the minor child's eighteenth birthday, the marital home was to be listed for sale, with the net proceeds from the sale of the home to be shared equally between the parties. The husband was ordered to pay $680 per month child support, and $1,700 per month rehabilitative alimony commencing August 1, 1990. The rehabilitative alimony would terminate upon the wife's remarriage, upon the death of either party, or at the end of five years from August 1, 1990. At a later hearing, the court determined that each party would bear his or her own attorney's fees, but the husband was ordered to pay the sum of *361 $603.25 representing the wife's costs of the action.
First, the wife appeals the award of rehabilitative alimony claiming that she should have been awarded permanent periodic alimony. We agree. It is well settled that the purpose of permanent periodic alimony is to provide the needs and necessities of life to a former spouse as they were established by the marriage of the parties. Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980). In fixing the amount of support payments, the standard of living to be used is that last shared by the spouses during the marriage. Lanier v. Lanier, 594 So.2d 809 (Fla. 1st DCA Feb. 21, 1992); Pfaffko v. Pfaffko, 559 So.2d 1204, 1205 (Fla. 2d DCA 1990).
Rehabilitative alimony, on the other hand, is used "to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Canakaris, 382 So.2d at 1202. Thus, rehabilitative alimony is proper only where "the evidence suggests that the wife can be rehabilitated to a financial stature that would permit her to become self-supporting." Lanier, 594 So.2d at 811 (quoting Allison v. Allison, 491 So.2d 1201, 1202 (Fla. 1st DCA 1986)).
Although the wife is currently employed as a receptionist-secretary, it is clear that her income very likely will never be as great as her husband's. Furthermore, there is no evidence that the rehabilitative award was made to facilitate any type of additional schooling or training. It is, therefore, unlikely that she will ever be able to support herself at a standard of living commensurate with that established during the marriage. Cosgrove v. Cosgrove, 491 So.2d 1219 (Fla. 1st DCA 1986). Thus, the mere fact that the wife is employed and has an income does not mean that she is self-supporting and, therefore, undeserving of permanent alimony. O'Neal v. O'Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982).
Furthermore, this court has held that when a trial court awards rehabilitative alimony when permanent periodic alimony is due, the error is harmful and must be reversed because it places the burden on the wife to come in at the end of the rehabilitative period to prove a significant change in circumstances before modification will be allowed. De Cenzo v. De Cenzo, 433 So.2d 1316 (Fla. 3d DCA 1983). If the wife should become adequately self-supporting after the award of permanent alimony, the husband may later apply for modification of the judgment based on a change of circumstances. Neumann v. Neumann, 413 So.2d 1203, 1204 (Fla. 3d DCA 1982).
Second, the wife appeals the trial court's failure to award her lump sum alimony consisting of the husband's interest in the marital home. Lump sum alimony may be awarded to ensure an equitable distribution of marital property. Canakaris, 382 So.2d at 1201. The evidence, however, must reflect a justification for the lump sum payment and financial ability of the other spouse to make such payment. Id. Here, the marital home was the parties' only significant asset of value. As such, it would have been improper to award it solely to the wife as lump sum alimony. Mayers v. Mayers, 575 So.2d 321, 322 (Fla. 3d DCA 1991); Savage v. Savage, 556 So.2d 1213, 1214 (Fla. 2d DCA 1990); Bullard v. Bullard, 413 So.2d 1238, 1239 (Fla. 3d DCA 1982). Thus, the trial judge was correct in ordering the home sold after the last minor child reaches majority, with the proceeds from the sale divided equally between the parties.
Finally, the wife appeals the final judgment ordering each party to pay his or her own attorney's fees. Our review of the final judgment and record on appeal shows that the trial court made a nearly equal distribution of the parties' assets. Additionally, the evidence adduced at trial established that the husband was not in any better position than the wife to pay her $25,000 attorney's fee bill. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Deckard v. Deckard, 590 So.2d 35, 36 (Fla. 4th DCA 1991); Martinez v. Martinez, 573 So.2d 37, *362 46-47 (Fla. 1st DCA 1990), review denied, 581 So.2d 1309 (Fla. 1991). Thus, the trial judge did not err in ordering each party to pay his or her own attorney's fees.
After reviewing the record on appeal and the evidence presented at trial relating to the earning capacities of the parties, we find no abuse of discretion in the trial judge's award of $1700 per month in alimony. However, failure to award this amount as permanent alimony was error. Accordingly, we vacate the award of rehabilitative alimony and direct the trial court to award permanent periodic alimony at $1,700 per month, and affirm all remaining points on appeal.