604 So.2d 494 (1992)
Carolyn Idell Wade ADAMS, Appellant,
v.
John C. ADAMS, Appellee.
No. 91-944.
District Court of Appeal of Florida, Third District.
June 2, 1992.
Rehearing Denied October 6, 1992.
Joe N. Unger, Miami, for appellant.
Melvyn B. Frumkes, Elser, Greene & Hodor and Cynthia L. Greene, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
*495 PER CURIAM.
In this appeal from a final dissolution of marriage, Carolyn Idell Wade Adams, the wife, argues that the trial court erred in refusing to grant her either rehabilitative or permanent alimony, and in refusing to distribute a one-half value of a securities investment account. We reverse in part and affirm in part.
The pertinent facts reflect that the husband and wife were married for 20 years and had two children. During the marriage, the husband obtained a law degree and an advanced degree in taxation, while the wife obtained a bachelor's degree in education and a master's degree in English. At the time of the final judgment, the wife was working as a part-time professor as well as a proof-reader for a law firm. The wife expressed an interest in returning to school to obtain a Ph.D. in the hopes of gaining greater job security and a tenured position at the university level. The husband had been working as a bank trust officer, but was unemployed at the time of trial.
With respect to the alimony issue, rehabilitative alimony is proper in those cases where the receiving spouse can be rehabilitated to a self-supporting financial stature commensurate with the standard established during the marriage. Akers v. Akers, 582 So.2d 1212 (Fla. 1st DCA 1991), review denied 592 So.2d 679 (Fla. 1991); Meachum v. Meachum, 580 So.2d 331 (Fla. 2d DCA 1991); Clance v. Clance, 576 So.2d 746 (Fla. 1st DCA 1991); Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975). As stated in O'Neal v. O'Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982) (citations omitted):
A divorced wife is entitled to live in a manner reasonably commensurate with the standard established by the husband during the course of a long-term marriage. A court must base an award of alimony to a wife upon the ability of her husband to pay that award and her financial needs in light of the standard of living she enjoyed during the marriage.
See also Royal v. Royal, 263 So.2d 277 (Fla. 3d DCA 1972) (alimony award to be based upon need, ability, and standards established during the marriage).
Because rehabilitative alimony is premised upon the assumption that the receiving spouse is capable of self-support, in those cases where there is no such capacity, there is nothing to which the receiving spouse can be rehabilitated, and therefore an award of rehabilitative alimony would be inappropriate. Lash v. Lash, 307 So.2d at 243; Schwartz v. Schwartz, 297 So.2d 117, 119 (Fla. 3d DCA 1974); Reback v. Reback, 296 So.2d 541 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 737 (Fla. 1975). In the present case, even if the wife were awarded rehabilitative alimony to pursue a higher degree in teaching, no showing has been made that such a rehabilitative plan would enable her to support herself in a reasonable manner commensurate with the standard of living established during the marriage. Accordingly, we find that the trial court correctly denied the wife's request for rehabilitative alimony,[1] but erred in denying the wife an award of permanent alimony. See Bible v. Bible, 597 So.2d 359 (Fla. 3d DCA 1992); Lanier v. Lanier, 594 So.2d 809 (Fla. 1st DCA 1992); Meachum v. Meachum, 580 So.2d at 333; Akers v. Akers, 582 So.2d at 1219.
In determining whether to award permanent periodic alimony, the two main criteria to be considered are the needs of the spouse requesting the alimony, and the ability of the other spouse to pay. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Those factors which the trial court must focus upon to determine the need of the requesting spouse include "the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates." Canakaris v. Canakaris, 382 So.2d at 1201. A review of the record reveals that the wife is not capable of maintaining herself or her child in a manner commensurate with the standard *496 of living established during this long term marriage, and that the husband occupies a superior financial position. In light of the wife's needs and the husband's ability to pay, it was an abuse of discretion for the trial judge to deny the wife's request for permanent alimony. See Canakaris v. Canakaris, 382 So.2d at 1197; Akers v. Akers, 582 So.2d at 1218; Teague v. Teague, 551 So.2d 1242 (Fla. 1st DCA 1989), cert. denied, 562 So.2d 347 (Fla. 1990); Lash v. Lash, 307 So.2d at 241. Accordingly, we affirm as to the denial of rehabilitative alimony, and reverse the trial court's denial of the wife's request for permanent periodic alimony and remand with instructions to the trial court to determine an appropriate amount of permanent periodic alimony.
Turning to the wife's second issue on appeal concerning distribution of the securities investment account, the record reveals that the husband owned approximately $185,000.00 in stocks and bonds which were gifted to the husband at different times both before and during the marriage. These securities were held in two different accounts  a portfolio account and a margin account. The margin account was used by the parties during the marriage as credit for acquiring marital assets and as funds for marital expenses. Both parties repaid the margin account on several occasions, and the wife had the authority to sign her husband's name to checks drawn on the margin account. We agree with the trial court's finding that the margin account was a marital asset under these circumstances.
However, we disagree with the trial court's conclusion that the portfolio account was non-marital and, thus, not subject to equitable distribution. The portfolio account was used as security for the margin account. The gifted assets in both the portfolio and margin accounts both lost their separate character when they were intermingled with marital assets. See Claughton v. Claughton, 483 So.2d 447 (Fla. 3d DCA 1986), review denied, 492 So.2d 1330 (Fla. 1986); Walser v. Walser, 473 So.2d 306 (Fla.2d DCA 1985). When the portfolio account was used as security for the margin account, it lost its separate character, and, in effect, became co-mingled with the margin account. Thus, the portfolio account, via the margin account, became subject to distribution. Accordingly, we find that the wife was entitled to distribution of the portfolio account and remand to the trial court to award the wife the same percentage distribution of the portfolio account as she received on the margin account.
Affirmed in part and reversed in part and remanded with directions.
NOTES
[1] We do not disturb on appeal the trial court's award of $10,000 to the wife (mislabeled as lump sum "rehabilitative" alimony), which the husband was required to pay in order to assist the wife in relocation expenses and in acquiring a new home.