FLETCHER, Judge.
Janice M. Lynch [wife] appeals, and John D. Lynch [husband] cross appeals a final judgment of dissolution of marriage, raising a series of issues. Finding merit in the wife’s contention that the trial court abused its discretion by awarding her rehabilitative alimony, we reverse in part.
The parties were married in 1981 when the wife was thirty-nine years of age. There is one minor child (born in 1986) of the marriage. The marriage lasted twelve years, thus the wife was fifty-one years of age at the time of the entry of final judgment. In considering the issue of alimony (and in awarding rehabilitative alimony) the trial court found that the husband was the “primary breadwinner” for the family. The court further found that the wife, prior to the marriage, earned a bachelor’s degree in political science and studied law for one year, had been remuneratively employed in the past and had been self-sufficient, but ceased her employment in order to channel her efforts toward caring for the parties’ child. The trial court, after hearing conflicting testimo *844 ny, concluded that, given her education and work experience, the wife could expect to earn after the marital dissolution $28,000 per year gross income. The husband’s gross annual income was found by the trial court (on conflicting evidence) to be $238,000. The trial court found that the parties had lived beyond their means notwithstanding the husband’s substantial income.
Based on the foregoing, the trial court concluded that because the wife had earned a bachelor’s degree and completed one year of law school (some twenty years ago), she had the potential to become self-sufficient. The trial court established a plan which ordered $2,000 per month[1] in rehabilitative alimony payable by the husband to the wife for sixty months (finding that the husband could afford the payments).[2] The trial court stated that its plan allows for a brief adjustment period, anticipates the wife’s admission to and completion of law school, and provides for time to prepare for and pass a Bar examination. Presumably at the conclusion of the rehabilitative alimony period of sixty months, the wife would be a practicing attorney earning an income sufficient to allow her to live at a level commensurate with the standard of living established during the marriage (to which the husband brought an annual gross income of $288,000).
We stated in Adams v. Adams, 604 So.2d 494, 495 (Fla. 3d DCA 1992), rev. denied, 614 So.2d 502 (Fla.1993):
“[Rjehabilitative alimony is proper in those cases where the receiving spouse can be rehabilitated to a self-supporting financial stature commensurate with the standard established during the marriage.
[[Image here]]
Because rehabilitative alimony is premised upon the assumption that the receiving spouse is capable of self-support, in those cases where there is no such capacity, there is nothing to which the receiving spouse can be rehabilitated, and therefore an award of rehabilitative alimony would be inappropriate.”
(citations omitted).
The record here fails to demonstrate that the wife’s long-ago law school credits would be honored on her “readmission” to law school; that she would be accepted into law school; and, assuming that she graduated from law school and passed the Bar exam, that as a then fifty-six-year-old novice attorney she would be capable of making an income that would be commensurate with the marital living standard which had been made possible by the husband’s $238,000 annual income. Accordingly, we find the trial court’s rehabilitation plan to be unreasonable.
We further find that based on the standards of Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980), the wife should have been awarded permanent alimony in an amount sufficient to maintain her and the parties’ child in a manner commensurate with the standard of living established during the marriage. Although the marriage was of only twelve years duration, the wife was thirty-nine years of age at the time of the marriage and fifty-one years of age at the time of dissolution. Obviously, the marriage and the raising of the child occupied the central portion (we hesitate to say “best years”) of her life. We conclude that under these circumstances, twelve marital years are sufficient to support permanent alimony. Indeed, in Oxley v. Oxley, 695 So.2d 364 (Fla. 4th DCA 1997), the Fourth District Court of Appeal concluded that a twelve-year marriage could support permanent alimony where the wife was thirty-two years of age at the time of the dissolution.
Accordingly, we reverse the final judgment as it relates to alimony and remand the cause to the trial court to provide for an award of permanent alimony in an amount that will be commensurate with the standard of living established during the marriage (noting that the husband’s annual income was found to be *845 $238,000, which finding we do not disturb). The remainder of the final judgment is affirmed, including the portions thereof challenged by the husband in his cross appeal.
Affirmed in part; reversed in part; and remanded for further proceedings consistent herewith.

. An amount we conclude is grossly insufficient under the circumstances.

. The final judgment states that this amount “should” not be included in the wife's taxable income. The ambiguity raised by the use of "should” needs to be resolved on remand.