979 So.2d 1087 (2008)
Barbara A. ROLLE, Appellant,
v.
Leroy A. ROLLE, Jr., Appellee.
No. 3D06-2257.
District Court of Appeal of Florida, Third District.
April 9, 2008.
*1088 Simon, Schindler & Sandberg, LLP, Roger J. Schindler, Miami, and Jose M. Sanchez, for appellant.
Leroy A. Rolle, Jr., in proper person.
Before GERSTEN, C.J., and COPE and SUAREZ, JJ.
PER CURIAM.
Barbara A. Rolle appeals the award of $500 per month bridge-the-gap alimony for a period of six years and one dollar per month as permanent periodic alimony. We conclude that the trial court erred in awarding bridge-the-gap alimony and failing to award the wife an appropriate amount as permanent periodic alimony and, therefore, we remand for further proceedings.
The parties were married for fourteen years and had two children. The petition for dissolution of marriage was filed in July 2004 but action on the petition was postponed to allow the parties to attempt reconciliation which proved unsuccessful. Eventually, the marriage was dissolved by entry of final judgment. The trial court awarded child support for the two minor children to be paid to the former wife as the primary residential parent by the former husband. The payments will terminate when each child reaches the age of eighteen years. The oldest child was born in 1991, and the youngest in 1993.
The evidence at trial established that the former husband earns substantially more than the former wife and that the former wife's income would not substantially increase, while the former husband's would not substantially decrease. The evidence established the former wife's need for alimony in the amount of $500 per month. The trial court awarded this amount as bridge-the-gap alimony for six years, instead of permanent periodic alimony. The court explained that "[i]f the bridge the gap alimony is considered too long by the appellate court,. . . . the court very likely will make that permanent alimony."
The trial court abused its discretion in failing to award the wife permanent periodic alimony. Bridge-the-gap alimony "is proper only where `the evidence suggests that the wife can be rehabilitated to a financial stature that would permit her to become self-supporting.'" Bible v. Bible, 597 So.2d 359, 361 (Fla. 3d DCA 1992) (quoting Lanier v. Lanier, 594 So.2d 809, 811 (Fla. 1st DCA 1992)). There is nothing in the record to indicate that the former wife will become self-supporting at the end of six years. At the conclusion of the six years of bridge-the-gap alimony, the wife will not be able to sustain the standard of living the parties established during the marriage. We therefore reverse the bridge-the-gap alimony award and remand with directions to redesignate the $500 per month amount as permanent periodic alimony. We affirm the remaining provisions of the final judgment.
Affirmed in part, reversed in part and remanded for an award of permanent periodic alimony.